632 So.2d 640 (1994)
Eric D. BANK, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04289.
District Court of Appeal of Florida, Second District.
January 21, 1994.
Rehearing Denied February 23, 1994.
*641 PER CURIAM.
Eric Bank appeals the summary denial of his motion to correct sentence. We affirm in part and reverse in part.
The motion demands credit of approximately seven years against Bank's present prison sentence, which is ten years in duration. Various reasons are given for Bank's entitlement to this credit; few are pled with great specificity. For example, Bank indicates he spent several months in the Columbia County Jail due to a "no bond hold" from Polk County, and that a "formal detainer" was lodged against him for approximately a year while he was serving "an unrelated prison sentence."
In some circumstances a defendant might be entitled to presentence credit extending back to the filing of a detainer. See, e.g., Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993). However, as recognized in Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992), there is a distinction between the receipt of a detainer and arrest pursuant to a warrant. Moreover, unless concurrent sentences are involved, a defendant held on multiple charges arising from different jurisdictions is not entitled to overlapping credit. Daniels v. State, 491 So.2d 543 (Fla. 1986); Bruner v. State, 398 So.2d 1005 (Fla. 1st DCA 1981). Bank has not demonstrated that the time he spent in custody outside Polk County was attributable solely to the charges from that county. We therefore affirm the circuit court's denial of this portion of Bank's motion.
We do believe that Bank presents a prima facie showing of his entitlement to credit for gain-time pursuant to State v. Green, 547 So.2d 925 (Fla. 1989). Assuming Bank is correct in stating that his present prison sentence represents a violation of the probationary portion of a previous split sentence, the circuit court erred in holding that Bank must present his claim for credit-time to the Department of Corrections. Accordingly, we remand for further consideration of this one issue. The trial court may again deny the motion if the record conclusively demonstrates that this case is not governed *642 by Green; otherwise, the court should award credit for gain-time previously accrued.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.