744 So.2d 1256 (1999)
Theron THARPE, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-98.
District Court of Appeal of Florida, Third District.
November 24, 1999.
Bennett H. Brummer, Public Defender, and Rosa Figarola, Assistant Public Defender for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before NESBITT, COPE and SORONDO, JJ.
PER CURIAM.
Theron Tharpe appeals an order denying his motion for additional credit for time served. As the record does not conclusively refute his claim, we reverse and remand for further proceedings.
While on community control in Monroe County circuit court case numbers 97-00025-CF, 97-30031-CF and 97-30043-CF, defendant-appellant Tharpe was allowed to move to Miami-Dade County. While in Miami-Dade County, defendant was arrested for drug related offenses and incarcerated. Monroe County issued an arrest warrant for violation of community control.
According to defendant's motion, he was served with the Monroe County arrest warrant while he was in the Miami-Dade County jail. Thereafter he entered a plea to time served on the Miami-Dade County offense, and was returned to Monroe County.
In the three Monroe County cases defendant admitted the violations of community control and was sentenced to 30.5 months concurrent terms of incarceration. Defendant was granted 140 days credit for time served.
Defendant filed the present motion seeking postconviction relief claiming that he was entitled to additional credit for jail time served. He contends that he was entitled to, and was not awarded, credit on the Monroe County cases for the time he served in the Miami-Dade County jail after his arrest on the Monroe County warrant. The trial court denied defendant's motion and defendant has appealed.
*1257 The State concedes that Monroe County issued an arrest warrant but objects that it cannot be determined from the record now before us whether the defendant was, in fact, served with the Monroe County warrant while incarcerated in the Dade County jail. The State misapprehends the standard of review. The defendant's sworn motion and submission by counsel made this claim, and the present record does not refute it. "Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing." Fla. R.App. P. 9.140(i).
If defendant was arrested (as his postconviction motion asserts) on the Monroe County charges while detained in Miami-Dade County jail, he is entitled to credit on the Monroe County cases for time served subsequent to the date of the arrest. See Daniels v. State, 491 So.2d 543, 544 (Fla.1986); Pearson v. State, 538 So.2d 1349, 1350 (Fla. 1st DCA 1989). The order summarily denying postconviction relief is reversed, and the cause remanded for a determination whether the defendant was, in fact, arrested on the Monroe County warrant while in the Miami-Dade County jail.
The State argues that the Daniels decision does not apply here because the Monroe County sentences imposed on revocation of community control do not state that the Monroe County sentences run concurrently with the Miami-Dade County sentence. There was, of course, no need for the Monroe County sentencing order to address the Miami-Dade County sentence, because the Miami-Dade County sentence had already expired by the time the defendant was returned to Monroe County.
More to the point, the State reads Daniels too narrowly. As far as incarceration within Florida[1] is concerned, the message of Daniels is that "a defendant is entitled to have his sentence reflect credit for any time served in jail prior to sentencing." 491 So.2d at 544. Looking at the substance of the matter, the defendant was at all relevant times subject to the Monroe County community control order. See Francois v. State, 695 So.2d 695, 697 (Fla.1997). The reality is that the defendant served his Miami-Dade County time concurrently with the Monroe County community control. The reason the Daniels decision draws a distinction between concurrent and consecutive sentences is to avoid the pyramiding of credit in cases where sentences are served consecutively. See id. at 545. There were no consecutive sentences in this case.
The trial court submission by counsel for defendant could be read to suggest that there was a Monroe County detainer filed against the defendant in the Miami-Dade County jail prior to the date that the defendant was arrested on the Monroe County warrant. If that should prove to be the case, then any claim for such jail time credit should be presented in the first instance to the trial court. The parties have not addressed whether the relevant date for the credit runs from the date of the detainer or the date of arrest, so we do not reach that issue. Compare Wiggins v. State, 654 So.2d 1017 (Fla. 1st DCA 1995), and Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) with Bank v. State, 632 So.2d 640 (Fla. 2d DCA 1994), and Wright v. State, 589 So.2d 382, 383 (Fla. 4th DCA 1991).
The order under review is reversed and the cause remanded for a determination whether the defendant is entitled to additional credit for time served.
Reversed and remanded.
NOTES
[1] Where a defendant is held in a jurisdiction outside of Florida, awaiting transfer to Florida, the question of whether to award credit for time served is discretionary with the trial court. See Kronz v. State, 462 So.2d 450, 451 (Fla.1985); Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995).