PER CURIAM.
The appellant seeks review of an order denying a motion to correct an illegal sentence filed pursuant to Rule 3.800(a), in which the appellant claims that she is entitled to credit against her Florida prison sentence for all of the time spent in jail since the Florida detainers were placed on her on June 4, 1999. We affirm the summary denial of the appellant’s claim to the extent that it denies credit for time served in an out of state prison. See Kronz v. State, 462 So.2d 450 (Fla.1985).
However, the trial court’s order fails to address the appellant’s claim that she is entitled to credit for all time served from May 24, 2000, the date she was extradited back to Florida, to the date that she was sentenced. See Tharpe v. State, 744 So.2d 1256 (Fla. 3d DCA 1999).
Therefore, this case is reversed and remanded for the trial court to either attach record excerpts demonstrating the appellant is not entitled to credit for time served from May 24, 2000, the date that she was first extradited back to Florida, or to award credit for jail time served from that date. See id.
Affirmed in part; reversed in part and remanded.
WOLF, WEBSTER and BROWNING, JJ., concur.