884 So.2d 499 (2004)
Billy Ray ELKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2244.
District Court of Appeal of Florida, Fifth District.
October 8, 2004.
Billy Ray Elkins, Kissimmee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Billy Ray Elkins appeals an order which summarily denied his motion for additional jail credit. Elkins was convicted in Osceola County of resisting an officer without violence and sentenced to 12 months incarceration with credit for 118 days.
Elkins had been charged with various offenses in Osceola County, and then failed to appear in court. A warrant was issued for his arrest on August 11, 2003. He was arrested on that warrant in Polk County on August 31, 2003. Elkins sought an additional 143 days of credit from the date of his arrest in Polk County on August 31, 2003, to the date of his transfer to Osceola County on January 21, 2004.
*500 Elkins alleged that his entitlement to additional jail credit is clear on the face of the record. See State v. Mancino, 714 So.2d 429 (Fla.1998). Elkins attached to his motion the Polk County arrest report, which shows that he was arrested on the Osceola County bench warrant, as well as for some local Polk County offenses. The circuit court denied his motion because Elkins was not formally arrested by Osceola County authorities until his return to that county on January 21, 2004. The primary question, though, is whether Elkins was arrested in Polk County on the bench warrant that had been issued from Osceola County. See Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998).
This case is distinguishable from Gethers v. State, 838 So.2d 504 (Fla.2003), where authorities in St. Lucie County issued a bench warrant and detainer after Gethers was arrested and taken into custody in Broward County. The warrant from St. Lucie County was not executed until Gethers was returned to that county. The supreme court held that a detainer is not a formal mandate to hold an inmate, but it simply informs the custodial authority that an inmate is wanted in another jurisdiction. See also Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992). In the instant case, Elkins alleged that he was arrested in Polk County as the result of the Osceola County warrant.
We therefore reverse the order denying relief and remand to the trial court for further proceedings. It appears from the limited record before us that Elkins was arrested in Polk County on both the Osceola County warrant as well as on local Polk County charges. If any of the Polk County charges resulted in a judgment and sentence, Elkins would not be entitled to duplicate credit on his Osceola County sentence unless it was ordered to be served concurrent to the Polk County sentence. See Daniels v. State, 491 So.2d 543 (Fla.1986).
REVERSED and REMANDED.
GRIFFIN and MONACO, JJ., concur.