932 So.2d 337 (2006)
Lazaro MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2713.
District Court of Appeal of Florida, Fourth District.
February 22, 2006.
*338 Lazaro Martinez, Moore Haven, pro se.
No appearance required for appellee.
WARNER, J.
We affirm the trial court's order denying the appellant's Florida Rule of Criminal Procedure 3.800(a) motion seeking additional jail credit for time spent in jail in Miami-Dade County. The appellant claimed that he was arrested on a warrant from Broward County while he was being held in Miami-Dade on other charges. He attached to his motion an arrest affidavit from the Miami-Dade Police. Thus, based upon Gethers v. State, 838 So.2d 504 (Fla. 2003), he contended that he was entitled to jail credit on his Broward County sentence for the time spent in Miami-Dade jail after his arrest. However, the state responded to his motion, providing evidence that the Broward Sheriff's Office only notified Miami-Dade County authorities that a detainer or hold should be placed on the appellant. In that circumstance, the appellant would not be entitled to jail credit for the time spent in the Miami-Dade facility while awaiting conclusion of his Miami-Dade charges. See Gethers, 838 So.2d at 508.
It is apparent that this issue cannot be resolved in a rule 3.800(a) proceeding, because the issue requires consideration of matters outside the record before the court in Broward County, including the teletypes between the Broward Sheriff's Office and the Miami-Dade Police, as well as the arrest affidavit signed in Miami-Dade.
We therefore affirm the order denying relief under rule 3.800(a), but we do so without prejudice to the appellant filing a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 to resolve the factual issues regarding whether the appellant was actually arrested on the Broward warrant while in the Miami-Dade jail.
POLEN and MAY, JJ., concur.