927 So.2d 1052 (2006)
Louis Blaine TROUT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2693.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
*1053 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
The issue presented in this appeal from a sentence is whether appellant is entitled to credit for time served in jail in another county on the pending charges. The trial court found that he was not actually arrested on the current charges while in custody in the other county because the paperwork on the arrest was never completed, and the court therefore denied jail credit. Relying on the statutory provisions regarding arrest, we hold that appellant was arrested on the charges when the officer informed him of his arrest on the charges. Therefore, appellant is entitled to jail credit for his time in jail since his arrest.
Appellant, Louis Trout, was convicted and sentenced in 2002 in St. Lucie County for felony battery and resisting an officer without violence. He was sentenced to eight months in jail followed by four years probation for the felony battery and a concurrent term of eight months in jail for the second charge. He was released from jail in March 2003.
On March 4, 2004, an affidavit of violation of probation was filed and a warrant for Trout's arrest was issued based upon several violations of probation. An amended affidavit and warrant issued on April 7.
Trout was arrested in Martin County on May 30, 2004. He was stopped in his vehicle by a Stuart police officer. When the officer ran his license, dispatch informed him of the St. Lucie warrant for Trout's arrest for violation of probation. The officer arrested Trout on the warrant and placed him in the police vehicle. He also filled out an arrest affidavit, indicating Trout's arrest pursuant to the St. Lucie warrant. The affidavit lists an arrest on *1054 "warrant no. 013204CF out of St. Lucie County for felony battery."
At the same time, Trout was also arrested for driving under the influence ("DUI"), leaving the scene of an accident with property damage, and refusing to submit to a breath test. Trout remained in the Martin County jail and was sentenced on the Martin County charges in December 2004.
Trout was brought from Martin County to the St. Lucie County jail in April 2005 where he was booked in on the violation of probation warrant. An April 12th arrest affidavit in St. Lucie County states that Trout was arrested on the same warrant number as contained in the arrest affidavit executed in Martin County.
Trout admitted the violation charges, which by then had been amended to include his 2004 Martin County violations of law. The prosecutor agreed to a sentence of twenty-four months in the department of corrections. At the sentencing hearing in June 2005, Trout requested jail credit for the one year he had served in Martin County after his May 2004 arrest. The trial court denied this credit, because it found that the paperwork was never completed on the violation of probation, and the Martin County jail had not booked Trout into the jail on that charge. Trout appeals this denial of jail credit.
Section 921.161(1), Florida Statutes, provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
A defendant is entitled to jail credit for time spent in a county jail when he has been arrested pursuant to a warrant from another county. See Gethers v. State, 838 So.2d 504 (Fla.2003); Daniels v. State, 491 So.2d 543 (Fla.1986); Norman v. State, 900 So.2d 702 (Fla. 2d DCA 2005). Gethers draws the distinction between execution of an arrest warrant and the issuance of a detainer by another county:
The difference between an executed warrant and a detainer is significant in these situations. A warrant is a "writ directing or authorizing someone to do an act, esp. one directing a law enforcer to make an arrest, a search, or a seizure." Black's Law Dictionary 1579 (7th ed.1999). An arrest warrant must be signed by a magistrate and conform to specific content requirements. See Fla. R.Crim. P. 3.121; [citations omitted]. A detainer, on the other hand, "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." [citations omitted].
Id. at 507. The Gethers court held:
that absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.
Id. at 505 (emphasis supplied).
Section 901.04, Florida Statutes, provides for the direction and execution of a warrant:
Warrants shall be directed to all sheriffs of the state. A warrant shall be executed only by the sheriff of the county in which the arrest is made . . . An arrest may be made on any day and at any time of the day or night.
Section 901.16, Florida Statutes, provides for the method of making an arrest with a warrant:

*1055 A peace officer making an arrest by a warrant shall inform the person to be arrested of the cause of arrest and that a warrant has been issued . . . The officer need not have the warrant in his or her possession at the time of the arrest but on request of the person arrested shall show it to the person as soon as practicable.
The two statutory sections show that a warrant may be executed merely by a peace officer informing the person to be arrested of the cause for arrest and that a warrant has been issued. The officer does not have to have physical possession of a copy of the warrant. Id.; Johnson v. State, 660 So.2d 648 (Fla.1995).
In this case, the officer actually arrested Trout on the violation of probation arrest warrant when Trout was stopped in his vehicle. The officer filed an arrest affidavit attesting to his arrest. Contrary to the statement by the trial judge, the statute requires no paperwork to effect an arrest pursuant to the warrant. See § 901.16, Fla. Stat. Thus, as the arrest warrant was executed, Trout was entitled to credit for all time spent in the Martin County jail while arrested on the violation of probation charge.
We therefore reverse Trout's sentence and remand with directions to the trial court to credit Trout with jail time served in the Martin County jail from the time of his arrest on the violation of probation arrest warrant.
GROSS and HAZOURI, JJ., concur.