932 So.2d 594 (2006)
George R. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1283.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
George R. Smith, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
*595 PALMER, J.
George R. Smith (defendant) appeals the trial court's order summarily denying his rule 3.800(a) motion to correct sentence.[1] In the motion, the defendant alleges he is entitled to receive additional county jail credit in connection with this Citrus County case because there were two time frames when he was in jail for which he did not receive credit. As to the first time frame, the trial court committed no error and, accordingly, we affirm. As to the second time frame, we reverse and remand for further consideration by the trial court.
The first time frame involved was from May 28, 2000 to August 9, 2000, during which the defendant was incarcerated in Seminole County, Florida. However, during this time frame, the defendant was held on Seminole County charges. Accordingly, the defendant is not entitled to receive county jail credit on his Citrus County sentence for this time frame since he was not in custody on the Citrus County convictions. In addition, the trial court is only required to award credit for presentence jail time; it is the function of the Department of Corrections to award credit for any time served in jail after sentencing but before transfer to state prison. See § 921.161(2), Fla. Stat. (2005).
The second time frame the defendant alleges was not included in his jail credit was the period from his arrest in Volusia County on July 21, 2002 on a VOP warrant issued by a judge in Citrus County, until December 6, 2002, when he was returned to Citrus County.
The trial court denied this claim indicating that the defendant was not arrested on the Citrus County warrant until the day he was returned to Citrus County, December 6, 2002. However, the defendant attached to his rule 3.800(a) motion a copy of the VOP warrant which shows that it was issued on May 31, 2002. The defendant also attached the Volusia County arrest affidavit which shows that on July 21, 2002, he was arrested on the Citrus County warrant. Therefore, the defendant was taken in custody in Volusia County on the Citrus County warrant prior to his transfer to Citrus County on December 6, 2002.[2]See Elkins v. State, 884 So.2d 499 (Fla. 5th DCA 2004). The State commendably concedes in its response that reversal is appropriate.
Although a defendant is not entitled to receive jail credit when a detainer is lodged against him, a defendant who is actually arrested on an outstanding warrant is entitled to receive jail credit. In the instant case, if the defendant was held in Volusia County solely on the outstanding Citrus County warrant, he would be entitled to receive additional credit. If the defendant was held in Volusia County on local charges as well as the outstanding Citrus County warrant, he might still be entitled to receive additional credit if the Volusia County charges resulted in convictions and sentences and the Volusia County sentences and the Citrus County sentences were ordered to be served concurrent to each other. Elkins v. State, 884 So.2d 499 (Fla. 5th DCA 2004).
*596 AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800.
[2] It appears from the defendant's allegations that Volusia County authorities transferred him to Seminole County the day after his arrest, where he was held until his delivery to Citrus County. According to the defendant, he was also wanted in Seminole County for violating his probation in that county. However, the Volusia County arrest affidavit only refers to the Citrus County warrant. Upon his delivery to Citrus County, the defendant was found guilty of violating his probation and was sentenced. The defendant asserts that he was then transferred back to Seminole County, where his VOP charge was dismissed.