THOMPSON, J.
Johnny C. Johnson appeals the summary denial of his rule 3.800(a) motion to correct sentence filed in Marion County. He alleges he is entitled to additional jail credit because he was arrested and held in Polk County on an outstanding Marion County warrant. He contends that, when he was sentenced in Marion County, he was not given credit for the time he served in Polk County on the Marion County warrant. We find merit in Johnson’s argument, and reverse with directions.
Johnson alleged that he was arrested on 27 February 2005 in Polk County on a Marion County warrant. Johnson claimed he also had pending warrants in Polk County. After final disposition of the Polk County charges, Johnson was transported to the Department of Corrections (“DOC”) and, on 18 August 2005, was transported from DOC to Marion County to resolve the outstanding warrant. In Marion County, he was sentenced to serve 26 months’ incarceration with credit for 110 days’ time served. Johnson claimed he is entitled to additional credit for his time in Polk County custody before his transfer to Marion County.
The record in this rule 3.800(a) proceeding shows that a warrant for Johnson’s arrest was issued in Marion County on 22 July 2002 for violation of probation. Johnson was not formally arrested in Marion County on the VOP charge until 19 August 2005, after he was transferred there from state prison. Records from the Polk County Sheriffs Office indicate that he was held on a Marion County VOP charge, and that Marion County had issued a detainer. It appears that Johnson was arrested on the Marion County warrant as well as on Polk County charges.
Had Johnson been arrested in Polk County solely on the Marion County warrant, he would have been entitled to credit on his Marion County sentence for the time that he was held in custody in Polk County. Likewise, if his sentence in Marion County was ordered to be served concurrently with the Polk County sentence, then he would be entitled to the same credit on his Marion County sentence for the time he was held in Polk County. See Elkins v. State, 884 So.2d 499 (Fla. 5th DCA 2004).
Although Johnson used the word “de-tainer” in his rule 3.800(a) motion, he clearly stated that he was arrested in Polk County on the Marion County warrant. Relying upon the “detainer” language in Johnson’s motion, the trial court correctly noted that a detainer cannot provide the basis for additional jail credit. However, if Johnson was arrested in Polk County on the outstanding Marion County warrant, that is different from the situation where a foreign jurisdiction merely issues a detain-er.
*91 Johnson correctly cites Gethers v. State, 838 So.2d 504 (Fla.2003), which distinguished between a warrant and a de-tainer. The supreme court in Gethers stated that, when a defendant is deemed to be in custody on warrants from more than one jurisdiction, he is entitled to credit for time served in both jurisdictions if the sentences are concurrent. Id. at 507. Therefore, the trial court here should have either granted the additional credit or refuted defendant’s claim by attaching a copy of Johnson’s Marion County sentence, showing that it was not ordered to be served concurrently with the Polk County sentence.
In Elkins, 884 So.2d 499, this court reversed an order denying a rule 3.800(a) motion when it was clear on the record that defendant was arrested in Polk County on an Osceola County warrant. As in this case, it appears that Elkins was also arrested on Polk County charges. In remanding the case to the trial court, this court cautioned that, if defendant had been sentenced on the Polk County charges, defendant would only be entitled to the Polk County jail credit on his Osceola County sentence if his Osceola County sentence was ordered to be served concurrently with the Polk County sentence.
Because the trial court did not conclusively refute Johnson’s claim that he was arrested in Polk County on the Marion County warrant and therefore entitled to additional credit, we reverse the order denying relief and remand the case for further consideration of Johnson’s claim.
REVERSED and REMANDED.
PLEUS, C.J. and PALMER, J., concur.