940 So.2d 1277 (2006)
Lazaro MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-2301.
District Court of Appeal of Florida, Fourth District.
November 8, 2006.
*1278 Lazaro Martinez, Moore Haven, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Lazaro Martinez (Martinez) appeals an order of the Broward County circuit court, summarily denying his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse and remand.
When Martinez was sentenced following his violation of probation in Broward case no. 02-20610 to three years imprisonment concurrent with his sentence in Miami-Dade case no. 98-18207, the trial court credited him with only forty-seven days, the time he was incarcerated in the Broward County jail prior to sentencing. He filed a "petition for clarification of sentence," seeking additional credit for the time he was incarcerated in Miami-Dade County before being transported to Broward County on the violation of probation charges. The motion was based on his claim that he was actually arrested on the Broward warrant issued in connection with this case prior to being incarcerated in the Miami-Dade County jail on other charges. He attached to his motion a copy of the Broward fugitive arrest affidavit. The motion was denied based on the state's response that Martinez was not arrested in Miami-Dade on the Broward warrant, but merely detained. The state attached a copy of the teletype request from the Broward County authorities to the Miami-Dade County authorities, asking them to hold Martinez in connection with the instant case.
This court affirmed the denial without prejudice to Martinez filing a rule 3.850 motion for postconviction relief, explaining as follows:
It is apparent that this issue cannot be resolved in a rule 3.800(a) proceeding, because the issue requires consideration of matters outside the record before the court in Broward County, including the teletypes between the Broward Sheriff's Office and the Miami-Dade Police, as well as the arrest affidavit signed in Miami-Dade.
We therefore affirm the order denying relief under rule 3.800(a), but we do so without prejudice to the appellant filing a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 to resolve the factual issues regarding whether the appellant was actually arrested on the Broward warrant while in the Miami-Dade jail.
Martinez v. State, 932 So.2d 337, 338 (Fla. 4th DCA 2006).
*1279 Thereafter, Martinez filed the instant timely sworn pro se motion for postconviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he sought the same additional jail time credit. He alleged that he was arrested on August 7, 2004, for three outstanding warrants: one in the instant Broward County case, one in a Collier County case, and one in the Miami-Dade County case. He attached copies of the fugitive warrants from Collier and Broward Counties. The complaint/arrest warrant executed by the Miami-Dade County police officer indicated he was arrested at a Miami address at 7:31 p.m.; the same date and time are also shown on the two fugitive arrest warrants. He asserted that the Broward teletype, requesting that a "hold" be placed on him for the Broward case, was irrelevant; it was sent at 11:51 p.m. on the same date, by which time he already had been arrested.
Martinez cited cases which hold that a defendant is entitled to credit from the time of arrest in another county. E.g., Travis v. State, 724 So.2d 119 (Fla. 1st DCA 1998) (holding that when a warrant is transmitted to the other county and that county also incarcerates the defendant on unrelated charges, the defendant is deemed to be in custody on both warrants). The supreme court in Gethers v. State, 838 So.2d 504, 505 (Fla.2003), distinguished the issuance of a detainer from the transmission of an arrest warrant, disapproving of cases that "erroneously equated the transmission of the warrant, as in Travis, with the issuance of a detainer. The filing of a detainer or a hold does not have the same effect as an arrest." Id. at 508.
Without a hearing, the trial court summarily denied the motion based on the state's response, which again maintained Martinez was not entitled to time served from August 7, 2004, because the teletype records reflected that a hold was placed on him pending the resolution of the Miami-Dade County charges. It continued to maintain that the record reflected there was no arrest by Miami-Dade County authorities on the Broward warrant, and that the Broward County arrest affidavit did not reflect an arrest in Miami-Dade on that warrant.
The attachment of the teletype to the state's response did not conclusively refute Martinez's sworn allegation that he actually was arrested in Miami-Dade County on the date he alleged in his motion, several months prior to being transported to Broward County. If he actually was arrested in Miami-Dade County on the Broward warrant, as the warrant appears to reflect, he could be entitled to credit under either of two circumstances: if there was a period of time when he was incarcerated in Miami-Dade solely on the Broward charges; or if the Miami-Dade charges resulted in a sentence, and that sentence and the Broward sentence were to run concurrent with each other. See, e.g., Johnson v. State, 935 So.2d 89 (Fla. 5th DCA 2006); Smith v. State, 932 So.2d 594 (Fla. 5th DCA 2006).
Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
GUNTHER, WARNER and GROSS, JJ., concur.