987 So.2d 772 (2008)
Gabriel BARRIER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1551.
District Court of Appeal of Florida, Fourth District.
July 29, 2008.
Gabriel Barrier, Bushnell, pro se.
*773 Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Gabriel Barrier appeals the denial of his rule 3.800(a) motion which sought credit for time Barrier previously served in this case. Barrier filed the instant motion within two years of the imposition of his sentence, and the motion is properly sworn, meaning this court may consider it as having been filed in accordance with rule 3.850. See Autrey v. State, 736 So.2d 94, 94 (Fla. 4th DCA 1999).
Barrier was arrested in Broward County for one count of burglary and sentenced to two years of probation on July 13, 2005. On November 23, 2005, he was arrested in Miami-Dade County for one count of strong-arm robbery. While in Miami-Dade County Jail, Broward County issued an arrest warrant for violation of probation. On January 18, 2006, Barrier, who was already in Miami-Dade County Jail, was arrested pursuant to the Broward County warrant. Barrier completed his sentence for the Miami-Dade County charge on September 2, 2006. However, he remained in Miami-Dade County Jail until September 13, 2006, when he was transferred to Broward County Jail. On October 17, 2006, the Broward County trial court revoked Barrier's probation and sentenced him to three years in Florida State Prison. The trial court granted Barrier 36 days of credit for the time he spent in Broward County Jail awaiting his sentencing.
Barrier asserted he is entitled to an additional 239 days of credit for the time he served in Miami-Dade County from January 18, 2006, to September 13, 2006. The record indicates Barrier was arrested while in custody in Miami-Dade County on the Broward County warrant on January 18, 2006. Additionally, Barrier was transferred to the Broward County Jail on September 13, 2006. On the record before us, Barrier is entitled to the additional credit for the time period between January 18 and September 13, 2006. See Trout v. State, 927 So.2d 1052, 1054 (Fla. 4th DCA 2006) (stating that defendant is entitled to credit for time served when he has been arrested pursuant to a warrant from another county) (citations omitted).[1]
We reverse and remand for the trial court to correct Barrier's sentence, giving him the appropriate jail time credit consistent with this opinion.
Reversed and Remanded for Further Proceedings.
GROSS, STEVENSON and DAMOORGIAN, JJ., concur.
NOTES
[1] The Miami-Dade County Jail booking report reflects that Barrier completed his Miami-Dade County sentence on September 2, 2006. He was not transferred to Broward County Jail until September 13, 2006, meaning there was "a period of time when he was incarcerated in Miami-Dade solely on the Broward charges." Martinez v. State, 940 So.2d 1277, 1278 (Fla. 4th DCA 2006).