994 So.2d 1214 (2008)
Michael BUELOW, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-3139.
District Court of Appeal of Florida, Fifth District.
November 14, 2008.
*1215 Michael Buelow, Orlando, pro se.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We review the summary denial of Appellant's motion, pursuant to Florida Rule of Criminal Procedure 3.800, seeking additional jail time credit. We affirm in part and reverse in part.
In June 2008, Buelow pled no contest to various charges and was sentenced to 18 months in the Department of Corrections with credit for 70 days in the Citrus County Jail. Buelow contends he is entitled to an additional 246 days' credit for time served in the Polk County Jail and 66 days in the Department of Corrections. His motion alleges that he was arrested in Polk County on August 5, 2007 on a warrant out of Citrus County and was held in the Polk County Jail on those charges as well as unrelated Polk County charges. Buelow claims he was sentenced on the Polk County charges on February 1, 2008, and transferred to the Department of Corrections on February 19, 2008.
In its order summarily denying Buelow's motion, the trial court attached only a Citrus County "Credit Time Served Form" reflecting 70 days' credit Buelow received at sentencing on the Citrus County case. That form does not conclusively refute Buelow's allegation that the Citrus County warrant was served on him in Polk County.
At this point, Buelow may appropriately proceed under rule 3.800(a). State v. Mancino, 714 So.2d 429 (Fla.1998). A prisoner is entitled to credit for all jail time from the date he is served with an arrest warrant until sentencing. Gethers v. State, 838 So.2d 504, 506 (Fla.2003). While not a work of art, Buelow's motion is facially sufficient to give rise to a claim for relief. He alleges the dates for which he seeks credit, the sentencing date, and states that the jail documents would show he is entitled to credit. See Friss v. State, 881 So.2d 38 (Fla. 5th DCA 2004). In theory, the Citrus County records should reflect the date of Buelow's arrest on the Citrus County warrant.
Buelow is entitled to credit for time served on the Citrus County warrant and the unrelated Polk County charges because both resulted in convictions and sentences and the sentences were ordered to be served concurrently. See Smith v. State, 932 So.2d 594, 595 (Fla. 5th DCA 2006).
The trial court correctly denied credit for time served in the Department of Corrections. The trial court has no jurisdiction to award post-sentence credit. The Department of Corrections is responsible for calculating and awarding credit for time served after imposition of a sentence. Washington v. State, 662 So.2d 1027, 1028 (Fla. 5th DCA 1995).
AFFIRMED in Part; REVERSED in Part.
GRIFFIN, EVANDER and COHEN, JJ., concur.