STEVENSON, J.
 

 Shawn Brown timely appeals the lower court’s denial of his Florida Rule of Criminal Procedure 3.850 motion. In ruling on the motion, the lower court adopted the state’s response, which asserted that Brown’s claim was barred by collateral estoppel because it had been previously raised and rejected in a Florida Rule of Criminal Procedure 3.800(a) motion. Brown had previously raised a variation of the instant issue in a rule 3.800(a) motion, filed through counsel, without any supporting documentation. That motion was denied, and Brown appealed. Then, he asked this court to voluntarily dismiss his appeal without prejudice for him to file a rule 3.850 motion. This court granted the request and dismissed the appeal on April 30, 2008. While rule 3.800(a) requires a defendant to identify records that show the sentence is illegal, rule 3.850 allows a defendant to state a sufficient claim through sworn allegations, and if the claim is sufficient, the defendant can build a record through an evidentiary hearing.
 
 *259
 
 Thus, we find the current motion is not procedurally barred.
 

 In addition, the present motion raises a slightly different claim. The rule 3.800(a) motion filed by counsel sought 508 days of credit for time served in a Miami jail from the date of a Broward detainer; whereas, the instant rule 3.850 motion seeks 483 days of credit from the date of the arrest on the Broward fugitive warrant as reflected in the Miami arrest affidavit.
 
 See Martinez v. State,
 
 940 So.2d 1277, 1279 (Fla. 4th DCA 2006) (holding that if defendant was actually arrested in Dade County on the Broward County warrant, he could be entitled to credit in one of two circumstances). Because the instant motion is not procedurally barred, we reverse and remand for the lower court to consider its merits.
 

 Reversed and remanded for■ the trial court to consider the motion on the merits.
 

 CIKLIN and LEVINE, JJ., concur.