PER CURIAM.
 

 Robert Ransone appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief which sought additional presentencing jail credit in this Broward circuit court case. We affirm for reasons other than those given by the State and relied on by the trial court in denying the motion.
 
 Robertson v. State,
 
 829 So.2d 901, 906 (Fla. 2002) (recognizing that Tipsy Coachman doctrine “allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons’ so long as ‘there is any basis which would support the judgment in the record’ ”) (citation omitted).
 

 We write to clarify two prior decisions of this court,
 
 Barrier v. State,
 
 987 So.2d 772 (Fla. 4th DCA 2008), and
 
 Trout v. State,
 
 927 So.2d 1052 (Fla. 4th DCA 2006). In addition, we certify conflict with
 
 Tharpe v. State,
 
 744 So.2d 1256 (Fla. 3d DCA 1999).
 

 Facts
 

 On August 3, 2004, Ransone was convicted of Grand Theft in Broward County circuit court case number 04-00920CF10A. He was placed on one year of community control followed by three years of probation. On October 20, 2004, a warrant al
 
 *447
 
 leging a violation of community control (VOCC) issued. On December 27, 2004, Ransone was arrested in Miami-Dade County on numerous unrelated charges. Ransone alleges that he was arrested on the Broward warrant the following day.
 

 Ransone remained incarcerated in a Miami-Dade jail and was found guilty of the Miami-Dade charges on March 27, 2006. He was sentenced to “time served” for those offenses. On April 5, 2006, he was transported to the Broward County Jail to face the charges in this case. On June 16, 2006, after a hearing, the court revoked community control and sentenced Ransone to five years in prison with credit for 84 days spent in jail before sentencing in this case. The trial court did not make this sentence concurrent with any other sentence. At sentencing, despite Ran-sone’s assertion that he had been arrested on the Broward warrant in December 2004, the trial court judge expressed a desire that Ransone not receive credit towards this offense for the time spent in jail on the unrelated Miami-Dade charges.
 

 Ransone then filed a postconviction motion through counsel which argued that he was in fact arrested on the Broward warrant in December 2004 while in the Miami-Dade County Jail, and that Ransone was entitled to credit from this date. Counsel attempted to obtain records from Miami-Dade county authorities to verify this allegation but was unsuccessful. The motion was denied based on a booking record and teletype information which indicated that the Miami-Dade authorities had merely placed a hold on Ransone. This court affirmed on appeal.
 
 Ransone v. State,
 
 981 So.2d 1218 (Fla. 4th DCA 2008).
 

 After this court had affirmed, Ransone attempted to supplement the record with an arrest affidavit which he had recently obtained from Miami-Dade police which supports his allegation that he was actually arrested on the VOCC warrant in December 2004. A member of Ransone’s family was able to obtain the record. This court denied the motion to supplement the record without prejudice for Ransone to seek appropriate postconviction relief in the trial court. Ransone then filed the instant postconviction motion which was denied based on the State’s response which contended that the claim was barred as successive and that the arrest affidavit did not actually show that the warrant was executed.
 

 Analysis
 

 Ransone has argued that pursuant to
 
 Travis v. State,
 
 724 So.2d 119 (Fla. 1st DCA 1998), and
 
 Martinez v. State,
 
 940 So.2d 1277 (Fla. 4th DCA 2006), he is entitled to credit from the date he was arrested on the VOCC warrant in this case. Ransone’s case is distinguishable from the above cases which involved concurrent sentencing. We conclude that the sentence Ransone received in the Broward case is
 
 consecutive
 
 to the Miami-Dade sentences, and thus, he is not entitled to additional credit.
 

 The Broward case was unrelated to the Miami-Dade charges and was charged in a separate information. When the trial court sentenced Ransone, it did not indicate that the sentence would be concurrent with any other sentences. The court did not have a reason to do so because the Miami-Dade sentences had been completed. Nevertheless, because this case was charged separately from the Miami-Dade cases, by operation of statute, the Broward sentence was consecutive to the Miami-Dade sentences. § 921.16(1), Fla. Stat. (2004) (providing: “Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently”).
 
 See also State
 
 
 *448
 

 v. Matthews,
 
 891 So.2d 479, 481 (Fla.2004) (explaining that, pursuant to section 921.16(1), because the trial court did not specify that a sentence was concurrent, a sentence for violation of probation was automatically structured to run consecutive to the sentence on an unrelated new offense committed while defendant was on probation). This conclusion is buttressed by common sense in that the Miami-Dade “time served” sentences were completed before the sentence was imposed in this unrelated case.
 

 The Third District Court of Appeal reached a different conclusion in
 
 Tharpe v. State,
 
 744 So.2d 1256 (Fla. 3d DCA 1999). In that case, the Court found that a previously-completed sentence was in “reality” concurrent with a sentence imposed following revocation of community control in an unrelated case. 744 So.2d at 1257. The Court concluded, “The reality is that the defendant served his Miami-Dade County time concurrently with the Monroe County community control.”
 
 Id.
 
 This conclusion conflicts with section 921.16(1) which provides that, unless a trial court specifies otherwise, sentences imposed on offenses charged in separate charging documents are consecutive.
 

 As the Third District noted in
 
 Tharpe,
 
 we recognize that, because Ransone received time served on the Miami-Dade cases and those sentences were completed before he was sentenced in Broward, the Broward trial judge had no reason to decide whether the sentence following revocation of the community control was concurrent or consecutive with the Miami-Dade sentences. In this situation, a trial court may have discretion to award credit from the date of execution of its warrant.
 
 See Kronz v. State,
 
 462 So.2d 450, 451 (Fla.1985) (holding that trial court has discretion to award jail credit for time spent in jail in another state awaiting transfer to Florida). Nevertheless, pursuant to section 921.16(1), the sentence on the unrelated case is consecutive not concurrent. This credit is not mandatory in this situation. The record clearly establishes that the trial court judge would not have granted the credit which Ransone seeks. At sentencing, the judge was asked and agreed to consider granting credit from the date Ransone alleged he was arrested on the warrant. Ultimately, the court declined to do so.
 

 Ransone is not entitled to credit from the date of his arrest on the VOCC warrant in this case because the sentence he received was
 
 consecutive,
 
 not concurrent, with the Miami-Dade sentences. The time he spent jailed in Miami-Dade was not attributable to this unrelated Broward case. In fact, the Miami-Dade jail time constituted the sentence, i.e., the punishment, which Ransone received for the numerous offenses he committed in Miami-Dade. If this credit is pyramided and also credited towards the Broward case, then Ransone would receive no punishment for the Miami-Dade offenses beyond the sanction he received for violating his community control in the Broward case. A prolific criminal would benefit from his mobile recidivism.
 

 A defendant is entitled to credit for time served in jail before sentencing. § 921.161(1), Fla. Stat. (2004). This statute is easy to apply when a single offense is involved. When a defendant is held for multiple offenses, however, applying this statute becomes more complicated. If concurrent sentences are imposed on multiple offenses, then jail time must be credited for the time awaiting sentencing as to each concurrent sentence.
 
 Daniels v. State,
 
 491 So.2d 543, 545 (Fla.1986). In this situation, the defendant can be considered to be in presentencing custody on multiple offenses simultaneously. "When
 
 *449
 
 consecutive sentences are imposed, a defendant must be given jail credit only on the first of the consecutive sentences.
 
 Barnishin v. State,
 
 927 So.2d 68, 71 (Fla. 1st DCA 2006). When consecutive sentences are involved, a defendant is not considered to be jailed for multiple offenses simultaneously.
 
 See id.
 
 Such pyramiding of credit would reward the recidivist criminal.
 
 See id.
 

 The Florida Supreme Court in
 
 Daniels
 
 recognized that its holding was limited to concurrent sentencing:
 

 We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant “is not entitled to have his jail time credit pyramided by being given credit
 
 on each sentence
 
 for the full time he spends in jail awaiting disposition.”
 

 Daniels,
 
 491 So.2d at 545 (citations omitted) (emphasis in original).
 

 In
 
 Trout v. State,
 
 927 So.2d 1052, 1054 (Fla. 4th DCA 2006), this court found that a defendant who had been held on multiple unrelated charges was entitled to additional jail credit and stated “[a] defendant is entitled to jail credit for time spent in a county jail when he has been arrested pursuant to a warrant from another county.” This is true, however, only where concurrent sentences are imposed. This court also invoked this language in
 
 Barrier v. State,
 
 987 So.2d 772, 773 (Fla. 4th DCA 2008), and both these decisions appear to implicitly follow the holding of
 
 Tharpe
 
 in presuming that a completed sentence on a separately-charged offense was concurrent with a sentence imposed following revocation of a form of community supervision in an unrelated case.
 
 Barrier
 
 and
 
 Trout
 
 do not discuss whether the sentences were concurrent or consecutive.
 

 We clarify
 
 Barrier
 
 and
 
 Trout
 
 which imply that credit must be awarded when a foreign county’s warrant is executed, regardless of whether concurrent or consecutive sentences are imposed, and certify conflict with
 
 Tharpe
 
 which we believe conflicts with the requirements of section 921.16(1), Florida Statutes. Pursuant to
 
 Daniels,
 
 a defendant who is held on multiple offenses is entitled to jail credit from the date of arrest on a foreign county’s warrant only where concurrent sentences are imposed or where the foreign county’s warrant is the sole basis for the defendant’s incarceration. Neither situation is presented here.
 

 The parties in this case have operated under the assumption that Ransone would be entitled to additional credit if he was arrested on the VOCC warrant in December 2004 as alleged in the motion. The State has maintained that Ransone was merely held pursuant to a detainer and not arrested on the warrant.
 
 See Gethers v. State,
 
 838 So.2d 504, 508 (Fla.2003) (holding that placement of a detainer is not equivalent to “transmittal” or “execution” of an arrest warrant and that a defendant is not entitled to jail credit when authorities merely place a hold or detainer against a defendant unless the hold or detainer is the sole basis for defendant’s incarceration).
 
 [1]
 

 
 *450
 
 Ransone was eventually able to obtain an arrest affidavit that supports his contention that he was arrested on the VOCC warrant in December 2004. The State argued that this successive motion was procedurally barred, while Ransone argued that his claim was permissible as it was based on newly-discovered evidence, i.e., the recently-obtained arrest affidavit.
 
 See Rivera v. State,
 
 995 So.2d 191, 195 (Fla.2008) (explaining that “[t]he bar against successive motions can be overcome if the movant can show that the grounds asserted were not known and could not have been known to the movant at the time of the previous motion”).
 

 Regardless of whether the arrest affidavit constituted newly-discovered evidence that could not have previously been discovered with the exercise of due diligence, and regardless of whether the VOCC warrant was “transmitted” or “executed” within the meaning of
 
 Gethers,
 
 Ransone is not entitled to additional credit in this case.
 

 We have observed that “a defendant is entitled to credit for each day in jail
 
 attributable to the charge for which a sentence is
 
 pronounced.”
 
 Gethers v. State,
 
 798 So.2d 829, 831 (Fla. 4th DCA 2001) (emphasis added). Jail credit should not have a metaphysical credit value dependent on the number of cases a mobile, prolific offender has pending around the state.
 
 Id.
 

 The time Ransone spent in jail from December 2004 until his Miami-Dade cases were resolved in April 2006 was not attributable solely to the charges in this Broward case. His sentence in this Bro-ward case is consecutive to the sentences he received in the Miami-Dade cases, and he did not establish that he is entitled to additional credit.
 

 Finally, we note that the power to determine sentence is the exclusive province of the judiciary.
 
 McNeil v. Canty,
 
 12 So.3d 215, 217 (Fla.2009) (recognizing that “[sjentencing is a power, obligation, and prerogative of the courts” and that a result which allows another branch of government to determine a sentence would be unconstitutional) (citation omitted). In the context of jail credit issues, it is important to keep in mind that the trial court retains the exclusive power to determine the sentence. While credit must be granted for time spent in jail before sentencing where a defendant is held on multiple charges simultaneously and concurrent sentences are imposed, a trial court has the power to make its sentence consecutive and thereby decide that a defendant should not receive pyramided credit.
 

 Sentencing law is often exceedingly complex and the case law regarding jail credit is often difficult to apply which in turn interferes with a trial court’s exercise of its sentencing discretion. The law should be clarified and a bright-line rule adopted, so trial court judges, when exercising their sentencing discretion, are aware of precisely how much jail credit a defendant will receive towards the sentence imposed.
 

 Affirmed.
 

 POLEN, TAYLOR and CIKLIN, JJ., concur.
 

 [1]
 

 . The Court in
 
 Gethers
 
 recognized that, pursuant to
 
 Daniels,
 
 jail credit must be awarded for multiple convictions only where
 
 concurrent
 
 sentences are imposed.
 
 Gethers,
 
 838 So.2d at 506. We note that postconviction disputes often arise as to whether a warrant was "transmitted” or "executed” within the meaning of
 
 Gethers.
 
 Law enforcement agencies sometimes direct authorities in other counties to merely place a "hold” or "detainer” on the jailed defendant and not execute the trial court's warrant. The question of whether a warrant has been "transmitted” or "executed” can sometimes resemble a semantic game of words. A bright-line rule regarding when credit must be awarded would help eliminate
 
 *450
 
 these types of disputes which can linger long after sentencing.
 
 See
 
 Fla. R.Crim. P. 3.800(a) (providing that a claim for additional jail credit may be raised at any time when court records demonstrate an entitlement to relief);
 
 Hidalgo v. State,
 
 729 So.2d 984 (Fla. 3d DCA 1999) (requiring a trial court to examine jail records when jail credit issues are raised in a Rule 3.800(a) motion).
 
 Accord Nelson v. State,
 
 760 So.2d 240 (Fla. 4th DCA 2000). Jail credit issues are best settled at sentencing when records relevant to the inquiry can more readily be obtained.