PER CURIAM.
 

 The trial court denied appellant’s postconviction motion following this court’s remand in
 
 Thomas v. State,
 
 997 So.2d 526 (Fla. 4th DCA 2009). We disagree with the trial court’s purely legal conclusion that trial counsel acted reasonably in relying on information on a non-official Bro-ward Sheriffs Office webpage and refusing to investigate the client’s allegation of a violation of the speedy trial rule. The webpage upon which counsel and the court relied expressly disclaims: “The information on this web site should not be relied upon for any type of legal action.” In relying exclusively on the Broward Sheriffs Office webpage, trial counsel failed to attempt to obtain any of the underlying source documents, such as the Short Arrest Information Form, Magistrate’s Prob
 
 *292
 
 able Cause Order or the Booking Report, all of which would have corroborated appellant’s claim that she had been arrested in Broward County based on the subject Indian River County charge — an arrest which took place 223 days before the information was filed. Appellant established conclusively that she was entitled to discharge based on a violation of the speedy trial rule and that the State was not entitled to a recapture window.
 
 See Trout v. State,
 
 927 So.2d 1052 (Fla. 4th DCA 2006);
 
 Dumas v. State,
 
 877 So.2d 941 (Fla. 4th DCA 2004);
 
 Trainer v. Broome,
 
 666 So.2d 1019 (Fla. 4th DCA 1996).
 

 Accordingly, we hold that in this case, counsel performed deficiently in failing to investigate and obtain available official-record information that his client told him existed and would prove she was entitled to discharge. Appellant’s claim is not speculative. Because the State was not entitled to a recapture period as a matter of law, she demonstrates prejudice.
 

 We reverse and remand. The trial court shall vacate appellant’s conviction in this case.
 

 Reversed and remanded.
 

 WARNER, STEVENSON and GERBER, JJ., concur.