PER CURIAM.
Appellant, Robert J. Norder, seeks review of the trial court’s Order Denying Motion for Additional Jail Credit. As the State conceded in its response to our show cause order issued pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), the trial court’s record attachments do not show whether: (1) Appellant was arrested in Collier and Lee Counties based on the violation of probation warrants or if Hamilton County issued a detainer for Appellant; and (2) if a detainer was issued, whether Appellant was held solely on the Hamilton County detainer in Collier and Lee Counties or if he was arrested and held on other charges as well. If Appellant was arrested in Collier and Lee Counties based upon the violation of probation warrants, he would be entitled to additional jail credit. See Trout v. State, 927 So.2d 1052, 1054 (Fla. 4th DCA 2006) (noting that a defendant is entitled to jail credit for time spent in a county jail when he has been arrested pursuant to a warrant from another county). Appellant would also be entitled to additional jail credit if he was held in Collier and Lee Counties solely on a Hamilton County detainer. See Gethers v. State, 838 So.2d 504, 507 (Fla.2003) (explaining that a prisoner is not in custody pursuant to a detainer unless the prisoner is subject to release and is being held because a detainer has been lodged against him or her); Ransone v. State, 20 So.3d 445, 449 (Fla. 4th DCA 2009) (explaining that Gethers held that a defendant is not entitled to jail credit when authorities merely place a hold or detainer against him or her unless the hold or detainer is the sole basis for the defendant’s incarceration).
Accordingly, we REVERSE the trial court’s order and REMAND with instructions to either attach portions of the rec *1256 ord that conclusively refute Appellant’s claim or hold an evidentiary hearing.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.