PER CURIAM.
Victor Anthony Johnson (the defendant) appeals the order entered by the trial court denying his motion for post-conviction relief in which he sought additional jail credit in two Citrus County cases. See Fla. R. Crim. P. 3.850.[1] Determining that the trial court erred in concluding that the defendant was not arrested on the Citrus County charges until March 9, 2014, we reverse.
In Citrus County Case Nos. 12-508 and 12-509, the defendant pled to drug offenses and was sentenced, on March 12, 2014, to two concurrent terms of four years’ incarceration, to be served concurrent with sentences imposed on unrelated convictions in Martin County. The defendant was awarded four days of jail credit.
The defendant alleges he is entitled to receive a total of 371 days of jail credit, claiming he was arrested on the Citrus County charges on March 7,. 2013. The defendant states that, no that date, he was arrested on the unrelated Martin County charges and was also arrested for the Citrus County charges pursuant to an outstanding warrant. When the defendant was transported to Citrus County after he was sentenced on the Martin County charges, he was again arrested on the Citrus County charges on March 9, 2014. In awarding jail credit, the trial court calculated the credit from his March 9, 2014 arrest, to the date of sentencing, March 12, 2014.
The trial court denied the defendant’s motion for additional jail credit, stating *946 that the defendant was held in Martin County on unrelated charges and was not arrested on the Citrus County charges until March 9, 2014. The trial court attached to its order the arrest affidavits from the defendant’s re-arrest in Citrus County. However, the defendant attached the Martin County arrest affidavits to his motion, demonstrating that the defendant was simultaneously arrested on the Martin County charges and the charges from Citrus County.
A defendant is not entitled to receive out-of-county jail credit if the county where he is sentenced merely issued a detainer. However, if a defendant is arrested in another county based on an outstanding warrant, the defendant is entitled to receive the out-of-county jail credit, provided the sentences in both counties are ordered to run concurrent with each other. See Gethers v. State, 838 So.2d 504 (Fla.2003); Elkins v. State, 884 So.2d 499 (Fla. 5th DCA 2004).
The trial court’s attachment of the Citrus County arrest affidavits d!id not conclusively refute the defendant’s allegations, which are supported by the Martin County arrest affidavits. The State properly concedes that the case should be remanded, since the trial court did not address the March 7, 2013, arrest affidavits provided by the defendant. Accordingly, the order denying relief is reversed and this matter is remanded for further proceedings.
REVERSED and REMANDED.
PALMER, TORPY, and EDWARDS, JJ., concur.

. Because the defendant's 3.850 motion was filed after July 1, 2013, it should have been treated as a rule 3.801 motion for correction of jail credit. Rule 3.801(e) incorporates the procedures for disposing of rule 3.850 motions. See Fla. R. Crim. P. 3.850(f). Unlike rule 3.800(a), the former remedy for jail credit claims, rule 3.801 provides for evidentiary hearings when necessary.