DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMMANUEL SIMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2415

[May 4, 2016]

Appeal of order denying rule 3.801 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 12-152 CF10A.

Emmanuel Sims, Arcadia, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Emmanuel Sims appeals an order summarily denying his rule 3.801 motion, seeking additional jail time credit. The State agrees that the case must be remanded for further review.

According to Sims's motion, he was arrested on charges in Broward County and bonded out of jail about two weeks later. While out on bond, he was arrested on unrelated charges in Miami-Dade County. When he failed to appear for arraignment on his Broward charges, a Broward County fugitive warrant was issued. Sims attached to his motion a Broward fugitive warrant/arrest affidavit, reflecting that he was arrested on it while he was in the Miami-Dade County jail. Eventually, Sims was transported to the Broward County jail.

When Sims resolved his Broward case, the Broward trial court ran his sentence concurrent with his Miami-Dade sentence, but awarded him jail credit only for the time he spent in the Broward County Jail. The record excerpts attached to the order do not refute his allegation that he did not waive any other jail time credit. While his rule 3.801 motion sought other

additional credit, on appeal he limits his request for additional credit to the time he spent in the Miami-Dade County jail after he was arrested there on the Broward warrant, until he was sentenced for his Miami-Dade case. In denying the motion, the trial court accepted the State's position below that the Broward arrest affidavit served only as a detainer.

In responding to this Court's show cause order, the State recognizes that further review is warranted in light of the affidavit and case law providing that a defendant who is arrested in one Florida county based on an outstanding warrant issued by a court in a second Florida county may be entitled to credit for time spent in the first county's jail against the sentence imposed in the second county. *See* § 921.161, Fla. Stat. (2011); *Gethers v. State*, 838 So. 2d 504 (Fla. 2003) (distinguishing execution of arrest warrant from the mere issuance of a detainer); *Trout v. State*, 927 So. 2d 1052, 1054 (Fla. 4th DCA 2006) ("A defendant is entitled to jail credit for time spent in a county jail when he has been arrested pursuant to a warrant from another county."); *Ransone v. State*, 20 So. 3d 445, 449 (Fla. 4th DCA 2009) (clarifying *Trout* and explaining, "[p]ursuant to *Daniels* [*v. State*, 491 So. 2d 543 (Fla. 1986)], a defendant who is held on multiple offenses is entitled to jail credit from the date of arrest on a foreign county's warrant only where concurrent sentences are imposed or where the foreign county's warrant is the sole basis for the defendant's incarceration"), *approved*, 48 So. 3d 692 (Fla. 2010).

The State agrees the record raises a fact question as to the authenticity of the purported arrest affidavit, and the case law requires remand for the trial court to attach portions of the record conclusively refuting Sims's claim, or to conduct an evidentiary hearing. Fla. R. Crim. P. 3.801(e) (incorporating provisions of rule 3.850(f)). We direct the trial court on remand to do so.

*Reversed and remanded.*

STEVENSON, GROSS and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**