PER CURIAM.
Aaron Taylor appeals an order summarily denying his rule 3.801 motion, which sought an additional 204 days of jail credit. The trial court denied the motion based on the State’s assertion that it was appellant’s burden to show his entitlement to relief by providing documentation of the service date of the capias in question. Neither the State nor the trial court contended that the motion was legally insufficient.
The State now concedes that the trial court was required to attach records conclusively refuting appellant’s claim, or to conduct an evidentiary hearing. See Williams v. State, 141 So.3d 686, 687 (Fla. 4th DCA 2014) (citing. Fla. R. Crim. P. 3.801(e), which incorporates the provisions of rule 3.850(f)). Accordingly, we reverse and remand for the trial court to follow this procedure. See Sims v. State, 190 So.3d 688, 689 (Fla. 4th DCA 2016) (reversing the denial of a similar claim, and remanding for the trial court to attach records or to conduct an evidentiary hearing).

Reversed and Remanded.

WARNER, MAY and KLINGENSMITH, JJ., concur.