HARRIS, Judge.
Hardy is serving three consecutive one-year terms in the Putnam County Jail. Prior to committing a disciplinary offense, Hardy was a jail trusty and earned jail credit for that service. Upon being found guilty of a disciplinary violation, he was removed as trusty. He reapplied to become a trusty after serving his disciplinary penalty and he was rejected because he had previously been “revoked” as trusty. Hardy claims that since this policy of not permitting one who has been removed as trusty to be restored to that capacity was implemented after his sentence began, he has been denied his constitutional rights because “it enhances his prison sentence.” The trial court rejected his claim and so do we.
Once Hardy was found guilty of disciplinary violations, he was removed as trusty. While he could reapply after completing his punishment, he had no right, constitutional or otherwise, to be reappointed. His status at that point was the same as other inmates who sought to become trusty. He was bound by the rules then in effect. These rules now provide that once you are removed as trusty for disciplinary reasons, you will not be reappointed. These rules, applicable to everyone, should also be applicable to Hardy. He was not removed from his trusty status because of a rule change, he was removed because he broke the rules of the institution.
AFFIRMED.
W. SHARP and ANTOON, JJ., concur.