719 So.2d 947 (1998)
William J. TORO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2378.
District Court of Appeal of Florida, Fourth District.
October 1, 1998.
*948 William J. Toro, DeFuniak Springs, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the summary denial of William Toro's Motion to Correct Sentence, in which he sought additional jail credit. Such motions must be filed within 30 days of sentencing. Fla. R.Crim. P. 3.800(b)(1998). Toro missed that deadline by a matter of years.
Affirmance is without prejudice to Toro to file a rule 3.800(a) motion in the trial court. After Toro filed his rule 3.800(b) motion, the Florida Supreme Court decided State v. Mancino, 714 So.2d 429 (Fla.1998). Mancino held that an error in the trial court's award for jail credit can be raised at any time in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) "when it is affirmatively alleged that the trial court records demonstrate on their face an entitlement to relief." Id. at S303. The First District has explained that a mere conclusory allegation that the answer lies in the record will not meet the new pleading requirements. Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998). We also adopt the requirement that at a minimum, the motion will have to allege where in the record the information can be located and explain how the record demonstrates entitlement to the relief requested.
STONE, C.J., and GUNTHER and WARNER, JJ., concur.