750 So.2d 37 (1999)
John DAILY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-486.
District Court of Appeal of Florida, Fourth District.
April 7, 1999.
*38 John Daily, Immokalee, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Contrary to the conclusion reached by the lower court, the plea sheet attached to the lower court's order does not establish a specific and voluntary waiver of any jail time credit to which appellant may be entitled for time allegedly spent in the Dade County Jail on a warrant for the Palm Beach case. See Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995) (waiver of jail time credit must be specific, voluntary, and clearly shown on the record). However, contrary to the pleading requirements of State v. Mancino, 714 So.2d 429, 433 (Fla.1998), appellant's motion for jail time credit does not affirmatively allege that the court records demonstrate entitlement to relief. See also Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998) (affirming denial of Rule 3.800 motion without prejudice to file a new motion alleging "where in the record the information can be located and explain[ing] how the record demonstrates entitlement to the relief requested"). As such, the motion as it stands cannot be resolved as a Rule 3.800(a) motion to correct illegal sentence. See Mancino, 714 So.2d at 433; Fla. R.Crim.P. 3.800(a). Nor can the motion properly be treated in the alternative as a motion for postconviction relief under Rule 3.850, as the motion is not under oath. See Fla.R.Crim.P. 3.850(c) (postconviction motion challenging conviction or sentence must be under oath).
Accordingly, we affirm the order denying the motion for jail time credit, but without prejudice to file either (1) a Rule 3.800 motion that affirmatively demonstrates on the face of the record entitlement to additional jail time credit or, alternatively, (2) a properly sworn Rule 3.850 motion challenging the sentence based on the failure to award jail time credit. If appellant, who was sentenced to two years imprisonment, is correct in his assertion that he is entitled to almost nine months of additional jail time credit, his legal sentence may have already expired. Accordingly, the lower court is directed to resolve expeditiously any renewed postconviction motion filed by appellant.
Clerk is directed to issue mandate concurrently with this opinion.
POLEN, TAYLOR and HAZOURI, JJ., concur.