754 So.2d 74 (2000)
David C. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-351.
District Court of Appeal of Florida, Fourth District.
March 8, 2000.
*75 David C. Lee, Belle Glade, pro se.
No appearance required for appellee.
PER CURIAM.
David Lee appeals the denial of his sworn motion made pursuant to Florida Rules of Criminal Procedure 3.800(a) to correct an illegal sentence by awarding additional time served in jail as credit against his sentence. Contrary to the pleading requirements of State v. Mancino, 714 So.2d 429, 433 (Fla.1998) and Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998), Appellant's motion did not affirmatively allege that the court records demonstrate entitlement to relief or identify where in the record that information could be located. Furthermore, it was not filed within the two year deadline to seek post conviction relief under Florida Rules of Criminal Procedure 3.850(b). The trial court quite properly denied the motion as legally insufficient and time-barred.
In conformance with our decisions in Quartucci v. State, 736 So.2d 1247 (Fla. 4th DCA 1999), Daily v. State, 750 So.2d 37 (Fla. 4th DCA 1999) and Carridine v. State, 741 So.2d 616 (Fla. 4th DCA 1999), the denial, however, should have been without prejudice to Appellant to file a new motion correcting the pleading deficiency. Accordingly, our affirmance is without prejudice to file a rule 3.800(a) motion which affirmatively states where in the record the information concerning his jail service can be found and how the record demonstrates his entitlement to the additional days of jail time credit sought.
We also wish to clarify certain language appearing in our earlier decision Quartucci v. State, 736 So.2d 1247 (Fla. 4th DCA 1999), which admittedly conflicts with the language appearing in Carridine v. State, 741 So.2d 616 (Fla. 4th DCA 1999). In Quartucci, we said:
Any rule 3.850 motion must be filed within the two-year time period provided by Florida Rule of Criminal Procedure 3.850(b) or within thirty days of the issuance of this court's mandate in the instant case, whichever is later.
In Quartucci, we permitted appellant an additional thirty days from our mandate to file a 3.850 motion in the event his two year time limit to file a 3.850 motion expired before our mandate issued. As such, our decision regarding the time deadline for filing a 3.850 motion was limited to instances where a 3.800(a) motion has been filed at a time when a rule 3.850 motion could also have been timely filed, and should not be construed as otherwise enlarging the two year deadline for filing a 3.850 motion because a 3.800(a) motion has been denied, appealed and affirmed. We wish to make clear that motions made pursuant to Florida Rules of Criminal Procedure 3.850 must be filed within the time permitted under that rule.
AFFIRMED IN PART, REVERSED IN PART.
GUNTHER, FARMER and KLEIN, JJ., concur.