PER CURIAM.
Tracy Bridges (appellant) contends that the trial court erred when it denied her rule 3.800(a) motion for additional jail time credit in connection with her sentences for aggravated battery with a deadly weapon and battery on a law enforcement officer. We affirm.
Appellant was arrested on July 8, 1998 for battery on a law enforcement officer. She was released the following day. In her motion, appellant alleged she had been incarcerated at the Palm Beach County Jail from March 11, 1998 through March 31, 1998 and from April 21, 1998 through May 5, 1998, a total of thirty-four days. She claims the trial court erred when it awarded her two days of credit for time served rather than a total of thirty-six days for both sentences.
Contrary to the pleading requirements of State v. Mancino, 714 So.2d 429, 433 (Fla.1998), appellant’s motion for jail time credit does not affirmatively allege that the court records demonstrate entitlement to relief. Nor does she allege where in the record the information can be located showing her entitlement to relief. See Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998) (affirming denial of Rule 3.800 motion without prejudice to file a new motion alleging “where in the record the information can be located and explaining] how the record demonstrates entitlement to the relief requested”).
Accordingly, we affirm the order denying the motion for jail time credit, but without prejudice to refile with the trial court within thirty days of this order a rule *1198 3.800(a) motion affirmatively alleging that the court records demonstrate on their face an entitlement to relief and indicating where in the record the information can be located showing she is entitled- to relief. See Daily v. State, 750 So.2d 37 (Fla. 4th DCA 1999).
STEVENSON, TAYLOR and HAZOURI, JJ., concur.