789 So.2d 480 (2001)
Demetrius WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1110.
District Court of Appeal of Florida, Fourth District.
July 5, 2001.
*481 Demetrius Wallace, Avon Park, pro se.
No appearance required for appellee.
PER CURIAM.
Demetrius Wallace (Appellant) appeals the order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm.
In his motion, Appellant claimed that the trial court failed to award him credit for 248 days of jail time served from his initial arrest until he was placed on probation when it revoked his probation and sentenced him to prison. In denying the motion, the trial court attached a copy of the disposition sheet indicating that Appellant was credited with 447 days of jail time served against his prison sentence. The order suggested that if the department was not awarding the time, then Appellant needed to exhaust his administrative remedies before seeking assistance from the circuit court.
Appellant specifically alleged in his motion that he was in custody prior to being placed on probation from August 8, 1995, to April 11, 1996which we calculate adds up to 247 daysand that he was in custody after violating probation from June 26 to February 4, 2000which we calculate adds up to 223 daysfor a total of 471 days. However, it was not until he filed his initial brief with this court that Appellant argued that what he seeks is an additional 24 days, which in fact is the difference between the 447 days actually ordered and the 471 days to which he would be entitled if his allegations proved true. Appellant cannot seek on appeal relief different from that which he sought from the trial court.
Moreover, nowhere in his motion did Appellant allege how and where the record demonstrates entitlement to relief. See Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998) (adopting strict pleading requirement imposed by Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998)). Instead, he attempted to meet the Toro requirement by attaching a portion of the transcript of the final violation of probation hearing on February 4, 2000, in which the court initially credited him with 441 days, plus any time previously served in the Department of Corrections. Compare Smith v. State, 771 So.2d 1290 (Fla. 4th DCA 2000) (deeming movant met burden of indicating where in record information could be located and how it demonstrated his entitlement to relief by detailing the dates at issue and directing the trial court to his "rearrest sheet," which he was unable to obtain); Bridges v. State, 768 So.2d 1197 (Fla. 4th DCA 2000) (holding that motion stating dates of two separate incarcerations in jail totaling two days and thirty-four days, respectively, and arguing that court gave her credit for two days instead of thirty-six, was not a sufficient allegation under Toro).
In any event, if it is actually 24 days Appellant seeks, not the 248 days he sought in the instant motion, then rather than pursuing administrative relief from the Department of Corrections, Appellant should file a new rule 3.800(a) motion specifically seeking such credit, and alleging where in the record the information about his jail custody is located.[1] This court's *482 affirmance is without prejudice to his doing so. Unfortunately, it appears that if records cannot be located to support Appellant's claim, such that he would be limited to seeking relief pursuant to rule 3.850, that remedy is no longer available to him, as the time for filing a timely rule 3.850 motion had already run when he filed the instant motion.
POLEN, C.J., DELL and TAYLOR, JJ., concur.
NOTES
[1] In considering a renewed motion, the trial court should also consider Appellant's jail records. See Nelson v. State, 760 So.2d 240 (Fla. 4th DCA 2000) (citing Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999); Wilder v. State, 753 So.2d 655 (Fla. 2d DCA 2000), receded from on other grounds by Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001)).