830 So.2d 172 (2002)
Jeffrey A. TRAPKIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2412.
District Court of Appeal of Florida, Fourth District.
October 9, 2002.
Rehearing Denied November 22, 2002.
*173 Jeffrey A. Trapkin, Moore Haven, pro se.
No appearance required for appellee.
PER CURIAM.
Jeffrey Trapkin, Appellant, timely challenges the denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Though Appellant raised multiple claims in his motion, we affirm without discussion as to all but one.
Appellant requested credit for time served in Dade County after he was arrested there and served with a detainer by Broward County for his violation of community control. Appellant is not entitled to jail credit in his Broward County case for time served in the Dade County jail from the date of imposition of the Broward County detainer. See Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001), review granted, 817 So.2d 846 (Fla. Apr.16, 2002). But see Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001); Penny v. State, 778 So.2d 305 (Fla. 1st DCA 2000). However, as Appellant's motion seemed to assert that he was arrested in the Dade County jail for the violation of community control, if his allegations are correct, he is entitled to the jail credit he seeks. See Saunders v. State, 661 So.2d 134 (Fla. 4th DCA 1995) (remanding for attachment of record refuting claim or for award of credit on appellant's claim that he was entitled to credit for time served in another county's jail after being served there with an arrest warrant but prior to being transferred to Broward County); Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992) (defendant entitled to time served from date arrest warrant served).
We affirm without prejudice to Appellant raising this claim in a rule 3.800(a) motion which complies with Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998) (holding that with regards to jail credit claims, "at a minimum, the motion will have to allege where in the record the information can be located and explain how the record demonstrates entitlement to the relief requested."). Appellant failed to even reference the record. An allegation that the Broward County jail records demonstrated his entitlement to relief would have complied with Toro. If Appellant's new motion complies with Toro, the trial court must determine whether the record refutes the claim. The record includes the jail records. See Wallace v. State, 789 So.2d 480, 481 n. 1 (Fla. 4th DCA 2001).
AFFIRMED IN PART, AFFIRMED WITHOUT PREJUDICE IN PART.
GUNTHER, FARMER and HAZOURI, JJ., concur.