971 So.2d 995 (2008)
Jerry M. ERVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3339.
District Court of Appeal of Florida, Fifth District.
January 4, 2008.
*996 Jerry M. Ervin, Monticello, pro se.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Jerry M. Ervin appeals from the denial of his Florida Rule of Criminal Procedure 3.800(a) motion, seeking additional jail credit. Ervin is currently serving a 19.5 month prison sentence, imposed after he violated his probation ("VOP") for a second time on the charge of false imprisonment. In its order denying relief, the trial court states that Ervin has been awarded credit for time served "from the date of arrest on [his] most recent VOP only," and concludes: "That is all the credit he is entitled to receive." No part of the record is attached to the order, and no further explanation is given for the denial.
Generally, a court imposing sentence must "allow a defendant credit for all of the time she or he spent in the county jail before sentence." § 921.161(1), Fla. Stat. (2007) (emphasis added). Therefore, if a defendant spent time in a county jail for more than one VOP on the same charge before imposition of a prison sentence, the credit for time served awarded at sentencing must include credit for all time spent in jail for each VOP, plus any additional jail time served prior to imposition of the initial probationary sentence. Griffin v. State, 828 So.2d 1087 (Fla. 1st DCA 2002).
For this reason, the State properly concedes that the order on appeal must be reversed. However, the State notes that online records from the Lake County clerk indicate that Ervin may have waived jail credit for the first violation of probation. The State acknowledges that it would have the burden to clearly establish a waiver of time served, Briggs v. State, 929 So.2d 1151 (Fla. 5th DCA 2006), but notes that it was not given an opportunity to respond to Ervin's motion below before the trial court entered its order.
Accordingly, we reverse the order on appeal and remand with directions that the trial court allow the State an opportunity to respond to Ervin's motion, and then either support its denial with record attachments or grant the relief sought.
REVERSED and REMANDED.
THOMPSON, SAWAYA, and LAWSON, JJ., concur.