985 So.2d 678 (2008)
Joaquin CISNEROS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1033.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
*679 Joaquin Cisneros, Milton, pro se.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Joaquin Cisneros appeals the denial of his rule 3.800(a) motion which sought credit for time Cisneros previously served in prison in this case.
In June 2001, Cisneros pleaded guilty to escape. He was sentenced to three years in prison followed by three years of probation. In October 2006, Cisneros admitted violating his probation and was sentenced to 60 months in prison with credit for 18 days time served and no credit for time previously served in prison.
Upon sentencing following revocation of the probationary portion of a split sentence, a defendant is entitled to credit for time previously served in prison, and the failure to award such credit is an issue that may be raised in a rule 3.800(a) motion. See Swain v. State, 845 So.2d 314 (Fla. 2d DCA 2003). A defendant can waive credit for time previously served as part of a plea bargain, but the affirmative waiver of the credit must be clearly shown on the record. See Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995).
The state concedes the waiver of jail time credit must be specific, voluntary, and clearly shown on the record and that such a waiver will not be presumed. We therefore reverse and remand for the trial court to either correct defendant's sentence, giving him the appropriate jail time credit, or for the attachment to the order of denial the portion of the record which conclusively shows the defendant waived the entitlement to such credit.
Reversed and Remanded for Further Proceedings.
STONE and WARNER, JJ., concur.