993 So.2d 1158 (2008)
Demetrius WOODY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3372.
District Court of Appeal of Florida, Fourth District.
November 5, 2008.
Demetrius Woody, Moore Haven, pro se.
No appearance required for appellee.
*1159 PER CURIAM.
Demetrius Woody appeals an order denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, seeking additional credit for jail time served. We affirm without prejudice.
We disagree with the trial court's conclusion that a notation on the disposition sheet, next to the award of credit for 154 days, stating "-agrees to T/S," conclusively refuted Woody's claim to be entitled to 548 days, which was the number shown on his presentence investigation report. However, the motion was legally insufficient for failing to point to the portions of the trial court record that demonstrate such entitlement. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998).
We affirm without prejudice to Woody's filing either a rule 3.800 motion that affirmatively demonstrates, on the face of the record, his entitlement to additional credit, or a properly sworn rule 3.850 motion. Daily v. State, 750 So.2d 37 (Fla. 4th DCA 1999).
Because the time for filing a rule 3.850 motion expired while the instant motion was pending below, any such rule 3.850 motion must be filed within thirty days of the date of the mandate to be issued in this case. See generally Lee v. State, 754 So.2d 74 (Fla. 4th DCA 2000) (explaining that allowing thirty days after mandate for filing a rule 3.850 motion after expiration of two-year time limit is appropriate when a rule 3.800(a) motion has been filed at a time when a rule 3.850 motion also could have been timely filed).
Affirmed without prejudice.
KLEIN, STEVENSON, and DAMOORGIAN, JJ., concur.