995 So.2d 1160 (2008)
Ricky JESEL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-3403.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
*1161 Ricky Jesel, Bristol, Pro se.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Ricky Jesel appeals the trial court's denial of his motion seeking additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record does not conclusively refute Jesel's claims, we remand this matter to the trial court for attachment of those portions of the record that would refute the claims.
Jesel pled nolo contendere to burglary of a dwelling, obstructing an officer without violence and grand theft in case number 2007-02300-CFAWS, dealing in stolen property in case number 2007-023230-CFAWS, and grand theft in case number 2007-02812-CFAWS. Apparently, Jesel's plea agreement called for a sentence of 18 months prison in each case, with each sentence running concurrently with the others.[1] He was awarded 130 days jail credit. He now contends that he was actually incarcerated for a total of 148 days prior to his sentencing and is entitled to an additional 18 days credit. The trial court denied Jesel's motion, finding that "as part of the plea agreement, the defendant was given 130 days stipulated high jail credit." The plea agreement and the plea and sentencing transcript were not appended to the order, nor was any other document reflecting such an agreement.
Jail time credit issues are appropriately raised in a rule 3.800 motion where the record reflects that the defendant has served time for which he was not credited. State v. Mancino, 714 So.2d 429 (Fla.1998). A defendant is entitled to jail credit from the date that he is served with an arrest warrant until he is sentenced. Gethers v. State, 838 So.2d 504, 507 (Fla. 2003). Credit for time served may be waived, however, as part of a plea agreement. Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008); Render v. State, 802 So.2d 512 (Fla. 3d DCA 2001).
Jesel's motion properly alleged where in the record the information could be found demonstrating his entitlement to relief. Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998). Since we must accept Jesel's allegations as true and the record contains no copy of Jesel's plea transcript or agreement that would refute it, we must remand this matter to the trial court for attachment of those portions of the record conclusively refuting Jesel's claims.
REVERSED AND REMANDED.
ORFINGER, LAWSON and COHEN, JJ., concur.
NOTES
[1] The record does not reflect whether the plea agreement was in writing.