PER CURIAM.
 

 We affirm the tidal court’s denial of Christopher Thompkins’s motion for jail credit. This court’s affirmance of the claim is without prejudice to Thompkins filing a legally sufficient rule 3.800(a) or 3.850 motion in the trial court establishing through specifically identified record evidence that he is entitled to additional jail credit.
 
 See Warren v. State,
 
 980 So.2d 1204 (Fla. 4th DCA 2008);
 
 Toro v. State,
 
 719 So.2d 947, 948 (Fla. 4th DCA 1998).
 

 We note that Thompkins’s initial brief includes details not included in the motion filed below and therefore not considered by the trial court. To state a sufficient claim, Thompkins must allege and identify records showing the date the Broward County arrest warrant(s) was formally served on him while he was in the Miami-Dade County jail.
 
 See Gethers v. State,
 
 838 So.2d 504 (Fla.2003);
 
 see also Jesel v. State,
 
 995 So.2d 1160 (Fla. 5th DCA 2008);
 
 Ervin v. State,
 
 971 So.2d 995 (Fla. 5th DCA 2008).
 

 GROSS, C.J, WARNER and MAY, JJ., concur.