PER CURIAM.
 

 Javaro Brown appeals from an order denying his rule 3.800(a) motion seeking additional jail credit. Brown alleges that the court file conclusively shows his entitlement to more jail credit. He also provides an inter-office memorandum from the Palm Beach Sheriffs Office to support his claim.
 

 In denying relief the trial court elected to treat the motion as a rule 3.850 motion. The order references the “plea contract” and notes that it demonstrated that Brown waived any additional credit. That document was not made part of the record below.
 

 We reverse and remand for further review of this matter. On remand the trial court considering the matter as a rule 3.800 motion can either correct Brown’s sentence, giving him the appropriate jail time credit, or attach to the order of denial the portion of the record which conclusively shows the defendant waived the entitlement to such credit.
 
 See Cisneros v. State,
 
 
 *1290
 
 985 So.2d 678 (Fla. 4th DCA 2008);
 
 Cheatum v. State, 992
 
 So.2d 877 (Fla. 5th DCA 2008). If the trial court is inclined to treat the motion as one seeking rule 3.850 relief, Brown should have the opportunity to amend his motion accordingly.
 
 See generally Woody v. State,
 
 993 So.2d 1158 (Fla. 4th DCA 2008).
 
 See also White v. State,
 
 995 So.2d 1172 (Fla. 4th DCA 2008).
 

 Reversed and Remanded for Further Proceedings.
 

 POLEN, STEVENSON and HAZOURI, JJ., concur.