PER CURIAM.
 

 The defendant below appeals an order of the Broward County circuit court summarily denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). In the motion, the defendant sought additional credit for jail time served. We affirm in part and affirm without prejudice in part.
 

 In his motion, the defendant alleges that he was arrested in Miami-Dade County on April 1, 2005, for violating probation on a Broward County case. He further alleges he was transported to Broward County on April 15, 2005, and was released on modified terms on April 28, 2005. The modified terms changed his five years of probation to two years of community control, followed by three years of probation.
 

 The defendant also alleges he was arrested in Miami-Dade County on November 29, 2006, on charges arising in Miami-Dade County. At the same time, he alleges, he was arrested on a warrant issued in July 2005 for violation of his community control in the Broward case. Ultimately, the Miami-Dade charges were resolved by July 25, 2007. Shortly thereafter, he was transported to Broward County, where the court revoked his community control and sentenced him to prison.
 

 In the instant motion before the Bro-ward court, the defendant sought credit for the time he allegedly served in the Miami-Dade jail from April 1-15, 2005. The defendant also sought credit for the period from his arrest on November 29, 2006, until July 25, 2007, when his Miami-Dade charges resolved. The court summarily denied the motion. The defendant now appeals.
 

 With respect to April 1-15, 2005, the defendant did not allege where in the Broward case record the information can be located demonstrating that he served time in the Miami-Dade jail during that period.
 
 See State v. Mancino,
 
 714 So.2d 429, 433 (Fla.1998) (error in trial court’s award of jail time credit can be raised at any time in a rule 3.800(a) motion “when it is affirmatively alleged that the court records demonstrate on their face an entitlement to relief’). Therefore, on that claim, we affirm. Our affirmance, however, is without prejudice to the defendant filing either: (1) a proper rule 3.800(a) motion alleging where in the Broward case record the information can be located which would demonstrate that he served time in the Miami-Dade jail during that period; or (2) a properly sworn rule 3.850 motion.
 
 Woody v. State,
 
 993 So.2d 1158, 1159 (Fla. 4th DCA 2008). Because the time for filing a rule 3.850 motion expired while the instant appeal was pending, any such rule 3.850 motion must be filed within thirty days of the mandate to be issued in this case.
 
 Id.
 

 With respect to the period from November 29, 2006, to July 25, 2007, the defendant is not entitled to credit even if he can establish that he was arrested in the Miami-Dade jail on the Broward VOCC warrant on November 29, 2006. That is because, according to his own allegations, he also was in custody for his Miami-Dade charges during that period, and his Broward sentence was not made to run concurrent with any sentence which could have been imposed under his Miami-Dade charges.
 
 See Ransone v. State,
 
 20
 
 *726
 
 So.3d 445 (Fla. 4th DCA 2009) (defendant not entitled to credit from date of arrest in Miami-Dade on unrelated Broward VOCC warrant for jail time served in Miami-Dade on Miami-Dade case, where Bro-ward sentence was not made concurrent with Miami-Dade sentence). Therefore, on that claim, we affirm. As we did in
 
 Ransone,
 
 we certify conflict with
 
 Tharpe v. State,
 
 744 So.2d 1256 (Fla. 3d DCA 1999).
 

 Affirmed in part; affirmed without prejudice in part.
 

 GROSS, C.J., TAYLOR and GERBER, JJ., concur.