PER CURIAM.
 

 This case is before the Court for review of the decision of the Fourth District Court of Appeal in
 
 Ransone v. State,
 
 20 So.3d 445 (Fla. 4th DCA 2009). The Fourth District certified that its decision is in direct conflict with the decision of the Third District Court of Appeal in
 
 Tharpe v. State,
 
 744 So.2d 1256 (Fla. 3d DCA 1999).
 
 [1]
 
 At issue is how to properly award presentence jail-time credit when a defendant has been arrested and incarcerated on unrelated charges and ultimately receives multiple sentences. We approve the decision of the Fourth District, which followed our precedent holding a defen
 
 *693
 
 dant is not entitled to presentence jail-time credit on both sentences if the sentence for the unrelated charge is to be served consecutively.
 

 I. BACKGROUND
 

 In August 2004, Robert Ransone was convicted of grand theft and sentenced to one year of community control followed by three years’ probation in Broward County.
 
 Ransone,
 
 20 So.3d at 446. In October 2004, a warrant for violation of community control was issued.
 
 Id.
 
 at 446-47. In December 2004, Ransone was arrested in Miami-Dade County on several charges unrelated to the Broward convictions and warrant and, according to Ransone, was also arrested on the Broward warrant.
 
 Id.
 
 at 447. He remained incarcerated in a Miami-Dade jail and was ultimately found guilty of the Miami-Dade charges, sentenced to time served for those offenses, and transported to a Broward jail to face the Broward County charges.
 
 Id.
 

 In June 2006, the Broward County trial court revoked Ransone’s community control and sentenced him to five years in prison with credit for 84 days spent in jail before his Broward sentencing but after his sentencing in Miami-Dade.
 
 Id.
 
 The trial court did not direct that this sentence would be concurrent with any other sentence.
 
 Id.
 
 And the trial court stated an express desire that Ransone not receive credit toward the Broward offense for “the time spent in jail on the unrelated Miami-Dade charges.”
 
 Id.
 

 Ransone argued on appeal to the Fourth District that he was entitled to jail-time credit from the date he was arrested on the Broward warrant while incarcerated in Miami-Dade.
 
 Id.
 
 The Fourth District determined that Ransone was not entitled to additional credit because the Broward sentence was consecutive to the Miami-Dade sentences, explaining that the two cases were unrelated and that the trial court sentencing Ransone on the Broward charges did not indicate that the sentence would be concurrent with any other sentence.
 
 Id.
 
 (citing § 921.16(1), Fla. Stat. (2004)). The Fourth District relied on this Court’s decision in
 
 Daniels v. State,
 
 491 So.2d 548 (Fla.1986): “Pursuant to
 
 Daniels,
 
 a defendant who is held on multiple offenses is entitled to jail credit from the date of arrest on a foreign county’s warrant only where concurrent sentences are imposed or where the foreign county’s warrant is the sole basis for the defendant’s incarceration.”
 
 Id.
 
 at 449. Therefore, the Fourth District concluded that Ransone was not entitled to additional credit in the Broward case and affirmed the trial court’s decision.
 
 Id.
 
 at 447, 450.
 

 The Fourth District also certified conflict with the decision of the Third District Court of Appeal in
 
 Tharpe,
 
 which came to an opposite conclusion based on substantially similar facts.
 
 See id.
 
 at 448 (explaining conflict with
 
 Tharpe,
 
 744 So.2d 1256).
 

 II. ANALYSIS
 

 Section 921.161(1), Florida Statutes (2004), sets forth the parameters for how the running of a sentence is calculated, including how pre-sentence jail-time credit is awarded. Section 921.161(1) provides, in its entirety, as follows: “A sentence of imprisonment shall not begin to run before the date it is imposed, but
 
 the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.
 
 The credit must be for a specified period of time and shall be provided for in the sentence.” (Emphasis added.) While establishing that a defendant is entitled to credit for presentence jail time, the statute does not distinguish between concurrent and consecutive sentences, and no other statute is on point.
 

 In
 
 Daniels,
 
 we clarified that section 921.161(1) applies differently to con
 
 *694
 
 current than consecutive sentences, explaining as follows:
 

 [W]hen, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run
 
 concurrently
 
 with other sentences, those sentences must also reflect the credit for time served.... We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant “is not entitled to have his jail time credit pyramided by being given credit
 
 on each sentence
 
 for the full time he spends in jail awaiting disposition.”
 

 Daniels,
 
 491 So.2d at 545 (quoting
 
 Martin v. State,
 
 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)). Therefore, when a defendant receives concurrent sentences, his jail time is credited toward all concurrent sentences, but when a defendant does not receive concurrent sentences, jail time may be credited toward only one sentence.
 

 Section 921.16(1), Florida Statutes (2004), sets forth when sentences are to run concurrently:
 

 A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.
 
 Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.
 

 (Emphasis added.) Pursuant to section 921.16(1), unless the trial court directs that sentences for separately charged offenses run concurrently, those sentences are consecutive.
 

 Here, the Fourth District properly applied our precedent in
 
 Daniels
 
 and the statutory requirements of section 921.16(1). Ransone was sentenced on separately charged offenses, and the trial court did not make the Broward sentence concurrent with any other sentence. Therefore, under section 921.16(1), Ran-sone’s Broward sentence was consecutive to his previous Miami-Dade sentence. And, pursuant to Daniels, because the sentences were consecutive, Ransone was not entitled to jail-time credit toward his Bro-ward sentence for the time spent in the Miami-Dade jail, which was already credited toward the Miami-Dade sentence. Accordingly, the Fourth District properly denied Ransone additional jail-time credit toward his Broward sentence.
 

 III. CONCLUSION
 

 For the reasons addressed above, we approve the decision of the Fourth District below and disapprove the decision of the Third District in
 
 Tharpe
 
 to the extent it is inconsistent with this opinion.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . We hav.e jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.