SAWAYA, J.
Michael Mount appeals the final orders of judgment and sentence and the order denying his motion to correct sentence. The only issue raised in this appeal is whether Mount, who was arrested in Marion County on a warrant from Citrus County and also arrested for unrelated crimes committed in Marion County, is entitled to credit for the time he served in the Marion County jail awaiting resolution of the Marion County charges.
An arrest warrant was issued in Citrus County for the arrest of Mount on charges of grand theft. Pursuant to that warrant, Mount was arrested in Marion County. The arresting officer searched Mount and found illegal drugs on his person. Mount was then arrested for possession of illegal drugs and transported to the Marion County jail. Mount entered a plea to the drug charge in Marion County and was sentenced to credit time served, which was 101 days. He was then released from the Marion County Jail and transported to Citrus County to resolve the pending theft charge. After his arrival in Citrus County, Mount entered a plea pursuant to a plea agreement that provided for a sentence of 24 months in prison with credit for time served. The amount of credit was not stated in the plea agreement. When he entered his plea, Mount was sentenced to the 24-month prison term and given credit for 75 days he spent in the Citrus County jail. The transcript of the sentencing hearing clearly reveals that the trial court did not order the Citrus County sentence to be concurrent to the Marion County sentence. The written sentencing order provides that the sentence shall run concurrent to “any active sentence being served.” Mount subsequently filed a motion to correct sentence, claiming that he was entitled to an additional credit of 101 days for the time he spent in the Marion County jail awaiting resolution of the drug charges.
The trial court denied the request for an additional credit of 101 days, concluding that when Mount was taken into custody pursuant to the Citrus County warrant, a detainer was placed on his release. The State concedes that Mount was arrested pursuant to the Citrus County warrant, but correctly argues that Mount is not *953 entitled to the additional credit because his sentence in Citrus County was not ordered to be served concurrently with the Marion County sentence, which had been served and completed well before the Citrus County sentence was imposed.
Section 921.161(1), Florida Statutes (2011), concerns credit for time served and provides, “A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.” In Daniels v. State, 491 So.2d 543 (Fla.1986), the court held that credit for time served applies differently to concurrent and consecutive sentences, explaining that
when, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run concun'ently with other sentences, those sentences must also reflect the credit for time served_We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant “is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.”
Id. at 545 (quoting Martin v. State, 452 So.2d 938, 938-39 (Fla. 2d DCA 1984)). Thus, “when a defendant receives concurrent sentences, his jail time is credited toward all concurrent sentences, but when a defendant does not receive concurrent sentences, jail time may be credited toward only one sentence.” Ransone v. State, 48 So.3d 692, 694 (Fla.2010).
Section 921.16(1), Florida Statutes (2011), explains when sentences are to run concurrently:
A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affida- ' vits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.
The court in Ransone further explained, “Pursuant to section 921.16(1), unless the trial court directs that sentences for separately charged offenses run concurrently, those sentences are consecutive.” 48 So.3d at 694.
The facts in Ransone are strikingly similar to the instant case. There, the defendant was convicted of grand theft in Bro-ward County and placed on community control. A warrant for violation of community control subsequently issued from Broward County. The defendant was arrested in Dade County for several crimes committed in that county and was transported to the Dade County jail where he awaited resolution of those charges. The defendant claimed he was also arrested pursuant to the Broward County warrant. The defendant remained incarcerated in the Dade County jail until the Dade County charges were resolved with a plea and a sentence of credit time served. He was then released from the Dade County jail and transported to the Broward County jail. His community control was subsequently revoked and he was sentenced to five years in prison with 85 days credit for time served, which did not include credit for the time he spent in the Dade County jail. The defendant filed a post-conviction motion claiming entitlement to the extra credit for time served and the trial court denied that motion, concluding that the Dade County authorities had merely placed a hold on the defendant. The de *954 fendant filed another post-conviction motion, which the trial court denied because it was successive and because the warrant for arrest had not been executed. He appealed to the Fourth District, which affirmed the denial of the extra credit. The court explained that it did not matter whether the defendant was arrested in Dade County pursuant to the Broward County warrant because his Broward County sentence was consecutive to the Dade County sentence. Therefore, the Fourth District held that pursuant to Daniels, he was not entitled to the extra credit. Ransone v. State, 20 So.3d 445 (Fla. 4th DCA 2009). The Fourth District further held that the trial court did not order a concurrent sentence, explaining:
The court did not have a reason to do so because the Miami-Dade sentences had been completed. Nevertheless, because this case was charged separately from the Miami-Dade cases, by operation of statute, the Broward sentence was consecutive to the Miami-Dade sentences. § 921.16(1), Fla. Stat. (2004) (providing: “Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently”). See also State v. Matthews, 891 So.2d 479, 481 (Fla.2004) (explaining that, pursuant to section 921.16(1), because the trial court did not specify that a sentence was concurrent, a sentence for violation of probation was automatically structured to run consecutive to the sentence on an unrelated new offense committed while defendant was on probation). This conclusion is buttressed by common sense in that the Miami-Dade “time served” sentences were completed before the sentence was imposed in this unrelated case.
Id. at 447-48.
The Florida Supreme Court approved the Fourth District’s decision, concluding that “the Fourth District properly applied our precedent in Daniels and the statutory requirements of section 921.16(1).” Ransone, 48 So.3d at 694; see also Ponce v. State, 24 So.3d 724, 725-26 (Fla. 4th DCA 2009) (“With respect to the period from November 29, 2006, to July 25, 2007, the defendant is not entitled to credit even if he can establish that he was arrested in the Miami-Dade jail on the Broward VOCC warrant on November 29, 2006. That is because, according to his own allegations, he also was in custody for his Miami-Dade charges during that period, and his Broward sentence was not made to run concurrent with any sentence which could have been imposed under his Miami-Dade charges.”).
Here, similar to Ransone, the trial court in Citrus County did not order the Citrus County sentence to be served concurrently with the Marion County sentence. It had no reason to do so because the Marion County sentence had been completely served well before Mount was transported to Citrus County, where he subsequently entered his plea and sentence was imposed. See generally Black’s Law Dictionary 1367 (7th ed. 1999) (defining concurrent sentences as “[t]wo or more sentences of jail time to be served simultaneously”). The trial court in Citrus County did provide in the written sentencing order that the sentence was to be served concurrently to “any active sentence being served,” but the completed Marion County sentence was not active and it was not being served. Because the Citrus County sentence was not concurrent to the Marion County sentence, the sentences are consecutive and Mount is not entitled to have the credit he received toward his Marion County sentence also credited toward his Citrus County sentence.
*955 Like the trial court in Ransone, the trial court in the instant case concluded that the request for the extra credit should be denied, erroneously believing that the hold was pursuant to a detainer. Moreover, similar to Ransone, the trial court in the instant case did not exercise its discretion to award the credit toward the consecutive sentence although it had the discretionary authority to do so. Ransone, 20 So.3d at 445. Because the trial court arrived at the correct conclusion through erroneous reasoning, the tipsy coachman rule allows us to affirm despite the error. Ransone, 20 So.3d at 446 (applying the tipsy coachman rule to “affirm for reasons other than those ... relied on by the trial court in denying the motion”).
AFFIRMED.
ORFINGER, C.J., and TORPY, J., concur.