PER CURIAM.
Lafayette Richardson appeals the post-conviction court order denying his motion filed under Florida Rule of Criminal Procedure 3.801; we reverse.
In his motion, Richardson argued that although the court properly awarded ten days of credit for the time he spent in the Polk County Jail in case numbers 12^4479 and 12-4480, the court failed to apply 357 days of jail credit to which he is entitled for the time he was held in the Polk County Jail from July 19, 2012, to July 11, 2013, awaiting sentencing in case number 12-6456.
In its order denying relief, the postcon-viction court only considered Richardson’s jail credit from case numbers 12^4479 and 12-4480, apparently because Richardson listed only those case numbers at the top of his rule 3.801 motion. However, Richardson clearly referenced case number 12-6456 in the body of the motion, provided the dates and location of incarceration, and identified the total credit that was not properly awarded.
Section 921.161(1), Florida Statutes (2013), states that “[a] sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.” “ ‘[W]hen, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served.’ ” Ran *713 sone v. State, 48 So.3d 692, 694 (Fla.2010) (quoting Daniels v. State, 491 So.2d 543, 545 (Fla.1986)).
Richardson alleged in his motion that he was arrested in case number 12-6456 on July 19, 2012, at which time the court revoked his bond in case numbers 12-4479 and 12-4480, and held him without bond in the Polk County Jail until he pleaded no contest in all three cases on July 11, 2013. Richardson’s sentences in case numbers 12-4479, 12-4480, and 12-6456, were ordered to run concurrently; therefore we reverse and remand for the postconviction court to determine the amount of jail credit that should be applied to Richardson’s sentence from case number 12-6456.
Reversed and remanded.
CASANUEVA, LaROSE, and CRENSHAW, JJ., Concur.