NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT WHITNEY BOWMAN,　　　　　　)
DOC # M16100,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)　　　Case No.  2D15-3639
　　　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　　　　)
_____)

Opinion filed November 4, 2016.

Appeal from the Circuit Court for Highlands
County; James A. Yancey, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.


　　　　　　Robert Whitney Bowman appeals his judgments and sentences.  He

pleaded no contest to charges of criminal use of personal identification (count one) and

grand theft (count two).  The trial court sentenced Mr. Bowman to thirty months in prison

for count one, to run concurrently with thirty months in prison for count two.  At

sentencing, the trial court awarded Mr. Bowman ninety-two (92) days of jail credit for time served on count one. The written judgment and sentence is silent as to whether the jail credit is for one or both counts.

Mr. Bowman argues that the trial court erred in sentencing him.[1] Specifically, he contends that the trial court should have awarded jail credit for both counts. See Daniels v. State, 491 So. 2d 543, 545 (Fla. 1986) ("[W]hen . . . a defendant receives [presentence] jail-time credit on a sentence that is to run *concurrently* with other sentences, those sentences must also reflect the credit for time served."); Ransone v. State, 48 So. 3d 692, 694 (Fla. 2010).

We reverse and remand for the trial court to sentence Mr. Bowman accordingly.

Reversed and remanded.

SILBERMAN and SLEET, JJ., Concur.

---

[1]Mr. Bowman filed an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967). We ordered supplemental briefing pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and In re Anders Briefs, 581 So. 2d 149 (Fla. 1991), on the issue addressed here.