# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-5654

———————————————

EDWARD LEONARD COLTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

December 27, 2018

PER CURIAM.

Appellant challenges an amended order revoking his probation based solely on a new law violation. We affirm the amended revocation order without comment. Appellant also challenges the trial court's denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion that requested additional jail credit on his violation of probation sentence. We reverse and remand on that issue. On remand, the trial court should calculate Appellant's jail credit from September 25, 2016, the date of arrest on the new law violation, to December 1, 2016, the date of sentencing. *See* § 921.161, Fla. Stat. (2016); *Kendrigan v. State*, 941 So. 2d 529, 529 (Fla. 4th DCA 2006) ("Appellant is entitled to credit for time served in jail from the date of his arrest for the new offenses if the new offenses constituted the basis for the revocation of probation in the

instant cases."); *see also McCool v. State*, 211 So. 3d 304, 305 (Fla. 1st DCA 2017).[*]

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, ROWE, and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender; Steven L. Seliger and Joel Arnold, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.

---

[*] We disagree with the State that awarding additional jail credit on Appellant's violation of probation sentence could result in improper pyramiding under the logic of *Ransone v. State*, 48 So. 3d 692, 694 (Fla. 2010). *See Bagley v. State*, 96 So. 3d 1119, 1121 (Fla. 5th DCA 2012) (Lawson, J., concurring specially) (recognizing under *Ransone* that the defendant was not entitled to additional jail credit on a violation of probation sentence that was imposed consecutively to a sentence on the new law violation that formed the basis for revocation of probation). Here, Appellant ultimately received concurrent sentences on the new law violation and violation of probation, rendering this case one of the exceptions discussed in *Bagley*. 96 So. 3d at 1121 (recognizing an exception to *Ransone* in cases where the trial court imposes the violation of probation sentence concurrently with the sentence on the new law violation).

2