PER CURIAM.
The appellant appeals an order denying his motion seeking jail credit. Because the appellant’s motion was filed after July 1, 2013, it should be treated as though filed pursuant to Florida Rule of Criminal Procedure 3.801. The appellant’s motion is facially insufficient pursuant to that rule as he fails to allege any of the required information. See Fla. R.Crim. P. 3.801(c). Pursuant to the new rule the appellant is entitled to an opportunity to amend to *692 state a facially sufficient claim. See Fla. R.Crim. P. 3.801(e) (incorporating Florida Rule of Criminal Procedure 3.850(f)); Fla. R.Crim. P. 3.850(f)(2) (if motion is facially insufficient, trial court must give defendant 60 days to amend). Here, the trial court denied the motion on the merits, but failed to attach any records supporting its conclusions. See Fla. R.Crim. P. 3.801(e) (incorporating Florida Rule of Criminal Procedure 3.850(f)); Fla. R.Crim. P. 3.850(f)(5) (trial court must attach portions of the record refuting appellant’s claims). Accordingly, we reverse and remand for the trial court to comply with the requirements of rule 3.801.
REVERSED and REMANDED for further proceedings consistent with this opinion.
THOMAS, ROWE, and MAKAR, JJ., concur.