PER CURIAM.
The defendant appeals the circuit court’s order denying her Florida Rule of Criminal Procedure 3.801(a) motion seeking additional jail credit. The state concedes that we should remand this case to the circuit court to provide the court with an opportunity to attach to its order records showing the defendant is not entitled to relief. We agree with the state’s concession and reverse and remand for such further proceedings.
The defendant’s motion argued that she is entitled to an additional forty days of credit for her time in the Broward County jail between January and March 2012. The circuit court denied the defendant’s motion, explaining that it already considered the jail records and calculated the amount of time served when it previously corrected her credit and awarded her 391 days of time served. However, the court did not attach to its order any records to show that its previous correction accounted for the additional forty days of credit which the defendant sought in the instant motion.
Pursuant to Florida Rule of Criminal Procedure 3.801(e), which incorporates Florida Rule of Criminal Procedure rule 3.850(f), the circuit court was required to attach records which conclusively refuted the defendant’s motion seeking additional jail credit. See Fla. R. Crim. P. 3.850(f)(5) (“If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.”). Because the court did not attach such records, we must reverse and remand this case to the circuit court to provide it with an opportunity to do so.

Reversed and remanded for further proceedings.

STEVENSON, MAY and GERBER, JJ., concur.