IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL LOUIS MCINTOSH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1938

Opinion filed September 23, 2014.

An appeal from the Circuit Court for Clay County.
Don H. Lester, Judge.

Michael Louis McIntosh, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Michael Louis McIntosh is an inmate at the Suwannee Correctional Institution Annex in Live Oak. He appeals from an order denying his Motion To Correct Jail Credit, filed pursuant to Florida Rule of Criminal Procedure 3.801. The trial court determined that the record did not demonstrate on its face that

McIntosh was entitled to relief. However, it failed to attach to its order any portion of the record supporting its conclusion. Rule 3.801(e), which incorporates Florida Rule of Criminal Procedure rule 3.850(f), requires the circuit court to attach to its order denying a motion seeking additional jail credit records that conclusively refute the motion. See Fla. R. Crim. P. 3.801(e); Fla. R. Crim. P. 3.850(f)(5) ("If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order."); Geil v. State, 2014 WL 2601681, --- So. 3d --- (Fla. 1st DCA June 11, 2014); Williams v. State, 2014 WL 2862353, --- So. 3d --- (Fla. 4th DCA June 25, 2014). We therefore reverse and remand with directions to the trial court to attach those portions of the record that conclusively refute McIntosh's claims.

REVERSED AND REMANDED.

PADOVANO, WETHERELL, and MAKAR, JJ., CONCUR.