DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LINA NICKIE DUNKLEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3063

[May 8, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 15-12218CF10A.

Craig J. Trocino of Michael A. Gottlieb, P.A., Fort Lauderdale, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Mitchell Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Lina Dunkley, proceeding *pro se*, appeals the trial court's denial of her Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. After ordering the State to respond to the motion, the trial court summarily denied Dunkley's motion without waiting for a State response and without attaching portions of the record which conclusively refute her claims. As the State concedes on appeal, this was reversible error, requiring remand.

> A postconviction court's decision of whether to grant an evidentiary hearing on a rule 3.850 motion is ultimately based on written materials before the court. Therefore, the court's ruling is tantamount to a pure question of law, subject to de novo review. *See Van Poyck v. State*, 961 So. 2d 220, 224 (Fla. 2007). When reviewing the summary denial of a claim raised in a rule 3.850 motion, the court must accept the movant's factual allegations as true to the extent that they are not refuted by the record. *Occhicone*[ *v. State*, 768 So. 2d 1037, 1041 (Fla. 2000)]. Generally, a defendant is entitled to an

> evidentiary hearing on a rule 3.850 motion unless: (1) the motion, files, and records in the case conclusively demonstrate that the movant is entitled to no relief; or (2) the motion or particular claim is legally insufficient. *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000). The defendant bears the burden of establishing a prima facie case based on a legally valid claim; mere conclusory allegations are insufficient. *Id.*

*Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013).

In denying the motion without an evidentiary hearing, the trial court stated in some detail its analysis and reasons for denying the motion. However, as noted above, the State concedes that the trial court's order does not comply with the rule because no documents were attached to the order and the trial court did not incorporate by reference a response by the State which contained attachments showing documents in the lower tribunal record refuting the claim. The order does not indicate that the motion was denied as untimely or that the motion was insufficient on its face. Rather than accepting all of Dunkley's allegations in the motion as true, many of the statements explaining the trial court's reason for denial appear to be based on the trial court's conclusions about what happened on the record, with no attachments to support the conclusions.

Rule 3.850(f)(5) provides:

> If the motion is legally sufficient but all grounds in the motion can be conclusively resolved either as a matter of law or by reliance upon the records in the case, the motion shall be denied without a hearing by the entry of a final order. If the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order.

Fla. R. Crim. P. 3.850(f)(5). When an appeal is filed as to an order that denies rule 3.850 relief without an evidentiary hearing, Florida Rule of Appellate Procedure 9.141(b)(2)(A) requires the clerk of the lower tribunal to "electronically transmit to the court, as the record, the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, . . . and attachments to any of the foregoing, together with the certified copy of the notice of appeal." Fla. R. App. P. 9.141(b)(2)(A). Rule 9.141 further provides that "[o]n appeal from the denial of [rule 3.850] relief, unless the record shows conclusively

that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D). The record simply does not support the grounds asserted by the trial court for denying the motion.

Accordingly, we reverse and remand for an evidentiary hearing or for the attachment of records conclusively refuting Dunkley's claims. *See Williams v. State*, 141 So. 3d 686, 687 (Fla. 4th DCA 2014) (construing Florida Rule of Criminal Procedure 3.801(e), which incorporates rule 3.850(f)(5), as requiring order denying relief to attach records conclusively refuting the motion).

*Reversed and remanded.*

WARNER, GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3